## JOHN OHLEYER v. BERNHEIM BROS. AND URI.

1. CONSIDERATION. *Evidence. Writing.*
   Showing want of consideration of a bill of exchange is not objectionable as varying the terms of a written contract. *Cocke* v. *Blackbourn*, 57 Miss. 689, cited.

2. SAME. *Promise to pay debt of another. Sufficiency of plea.*
   In a suit by the payees (being also the drawers) of a time bill of exchange a plea by the defendant, the acceptor, is good which sets up in substance the following : Said acceptance was given for a debt already due plaintiffs by a third person, and not by defendant, and defendant did not promise to pay this debt when made nor request plaintiffs to give the credit ; the acceptance was not given in consideration of forbearance to the said debtor ; nor was there any agreement to release said debtor ; nor was any security given up in consideration of said acceptance ; nor did defendant receive any benefit or advantage from said indebtedness or acceptance ; nor have plaintiffs suffered any detriment from said acceptance ; there was no consideration for said acceptance. It is error to sustain a demurrer to such a plea.

FROM the circuit court of Rankin county.

HON. A. G. MAYERS, Judge.

This suit was brought by the appellees, Bernheim Bros. & Uri, against the defendant, John Ohleyer, on the following bill of exchange :—

"$721.47.                    BRANDON, MISS., March 16, 1887.

On the first day of January, 1889, pay to the order of ourselves seven hundred and twenty-one $\frac{47}{100}$ dollars, with 8 % interest from January 1, 1888, value received, and charge the same to account of

                              BERNHEIM BROS. & URI.

To Mr. JOHN OHLEYER,
   Brandon, Miss."

This was accepted by the defendant, who wrote his name across the face of the bill in the usual way.

Besides the general issue, the defendant filed the following plea :—

"For further plea in this behalf defendant says *actio non,* because he says that the acceptance in plaintiff's declaration men-

tioned was for a debt already due plaintiffs by L. A. Ohleyer, and not by this defendant. That defendant did not promise to pay the debt when it was made, or request plaintiffs to give the credit to L. A. Ohleyer ; nor was said acceptance given in consideration of any forbearance to said L. A. Ohleyer ; nor was there any agreement to release the debt against L. A. Ohleyer ; nor was there any security given up in consideration of said acceptance ; nor did defendant receive any benefit or advantage from said indebtedness or acceptance ; nor have plaintiffs suffered any detriment from said acceptance. There was no consideration good or valuable in law for said acceptance ; and this said defendant is ready to verify."

A demurrer was sustained to this plea, and afterwards there was a trial, and plaintiffs recovered judgment for the amount of the debt. From this judgment defendant appealed. As the supreme court only considers the error assigned in sustaining the demurrer. of plaintiffs to this plea, it is not necessary to make any further statement of the case.

*Wm. Buchanan,* for appellant.

1. The demurrer is general, and does not point out any defect in the plea, as required by code 1880, § 1560.

2. The plea is sufficient. It contains all that is required by the rules of pleading in showing the actual grounds of defense. It is familiar learning that even a written promise to pay the existing debt of another is of no effect unless based upon a new consideration. 1 Wait's A. & D. 104, 615 ; 6 Ib. 568 ; 7 Id. 10, § 6 ; Story on Bills, §§ 119, 253 ; *Wren* v. *Hoffman,* 41 Miss. 616. See, also, 1 Thompson on Trials, § 1137 ; 7 Johns. 25 ; 18 Ala. 117.

Forbearance is not a sufficient consideration for a promise to pay the debt of another unless there be a binding contract to forbear. *McFarland* v. *Smith,* 6 Cowan (N. Y.) 669 ; *Perkins* v. *Proud,* 62 Barb. (N. Y.) 420 ; *Gilman* v. *Kibler,* 5 Humph. (Tenn.) 24.

By the plea the plaintiffs were fully apprised of the defense and what they were called upon to answer. Plaintiffs were immediate parties to the transaction and were acquainted with all the facts. When the bill is in the hands of a third party, greater particularity

is required in the statement of facts showing a want of consideration. As the plaintiffs themselves are the drawers of the bill, the facts are as much within their knowledge as the defendant. 1 Chitty Pldg. 222, 225.

Our statute simply requires a statement of the facts constituting the defense; and if the plea contain matter of substance sufficient for the court to proceed upon the merits of the cause, it is sufficient. Code 1880, §§ 1536, 1546.

The cases of *Barkley* v. *Hanlon,* 55 Miss. 609, *Tittle* v. *Bonner,* 53 Ib. 578, and others relied on by plaintiffs, had reference to suits in which the payee was not the drawer of the bill. The rule governing in those cases is not applicable here.

3. A want of consideration may always be shown. Story on Bills, §§ 180–187 ; Byles on Bills, 2, 97.

*J. R. Enochs,* on the same side.

1. Between the original parties the question of consideration is always open. Walker's Am. L. 474, 476. Our statute allows the defendant in any case of this character the benefit of all want of lawful consideration. Code 1880, § 1124.

2. The plea in this case states affirmatively how there was no consideration, and shows the actual ground of the defense. In the case of *Tittle* v. *Bonner,* relied upon by opposite counsel, it was held that Tittle in defending against Bonner ought to have stated some fact showing that Bonner was not a *bona fide* holder, and this would have negatived the idea that there was some benefit or advantage to Howell, the drawer. Here there is no third party. Plaintiffs drew the bill payable to themselves. The plea shows that the acceptance was for the debt due plaintiffs by L. A. Ohleyer ; that the defendant was not liable for this debt ; that there was no forbearance and no agreement to release the debtor ; that no security was given up, and that plaintiffs suffered no detriment. It is full and explicit and presents a good defense. See Walker's Am. L. 442, and cases there cited. In *Hall* v. *Clopton,* 56 Miss. 555, James Haughton signed the notes in consideration of forbearance to L. Haughton the original debtor. There was no agreement for forbearance as to L. A. Ohleyer in this case ; and if any

loss to plaintiffs or delay followed, it was the voluntary act of the plaintiffs with a full knowledge of all the facts.

*A. J. McLaurin* and *P. Henry*, for appellees.

The pleading is to be taken most strongly against the defendant. and most favorably to the plaintiffs. Gould's Pldg., ch. 3, § 169.

The defendant was required to set out the actual consideration that the court might judge of it. *Tittle* v. *Bonner*, 53 Miss. 578. In order to make his plea a good defence, he must negative every possible thing that could constitute a consideration. *Ridout* v. *Bristow*, 1 Crompton and Jervis (Ex. Ch.), 231 ; 2 Vt. 510.

It was not necessary that a benefit or advantage accrued to the defendant. *Violett* v. *Patton*, 5 Cranch, 150 ; *Hall* v. *Clopton*, 56 Miss. 555.

That "plaintiffs suffered no detriment from said acceptance," is a conclusion of law instead of a statement of facts. Such pleading is not allowable. *Tittle* v. *Bonner*, *supra.*

But it was not necessary that there should be any detriment. "Loss, *or the danger of loss*, to the creditor is a consideration as sufficient as benefit to the debtor." *Hall* v. *Clopton, supra.*

The detriment to the plaintiffs was not "from said acceptance," but from the failure to meet it when due. Plaintiffs took the acceptance, payable nearly two years afterwards and waited patiently ; there was no detriment until the defendant failed to make good his promise. It required the payment of the bill to save them harmless. This was a sufficient consideration. *Paine* v. *R. R. Co.*, 118 U. S. 152.

"Where the defendant has actually received the consideration of a written agreement, it is no answer to an action brought against him for a breach of the same, to say that the agreement did not bind the plaintiff." *Storm* v. *U. S.*, 94 U. S. 76. To apply the doctrine of want of consideration, all the circumstances must be considered. 10 Wheaton, 345.

The plea as amended states what the consideration was, and it shows such a consideration as is sufficient to uphold the acceptance. The debt of a third person is a sufficient consideration to uphold

a bill of exchange.   Story on Bills, §§ 183, 192 ; Chitty on Bills, 84 ; *Sowerby* v. *Butcher*, 2 C. & M. (Exch.) 368 ; *Papwell* v. *Wilson*, 1 Str. 264 ; Bayley on Bills, 555, 557.

The burden of proof, and therefore the burden of pleading, was upon the defendant to show a want of consideration.   Story on Bills, § 178.   This has been attempted by saying that certain things were not the consideration.   It is not stated what agreement was made, but that certain agreements were *not* made.

It matters not whether the acceptance was for the accommodation of defendant's son, or that he had funds for his son.   Story on Bills, §§ 183, 191, 192, 253.   If the son had drawn the bill, after acceptance, defendant could not have questioned it.   *Hortsman* v. *Henshaw*, 11 How. (U. S.) 177 ; 2 Pet. 182.   It is not averred that defendant did not have funds of L. A. Ohleyer to pay the bill.   There is no difference in effect between the drawing of L. A. Ohleyer for payment of this debt and the drawing by plaintiffs. The acceptance admits the right to draw.   Story on Bills, § 262.

The legal effect of the bill was to postpone, until its maturity, the payment of the debt due plaintiffs.   *Duncan* v. *Kimball*, 3 Wall. 37 ; 93 U. S. 143.   This would be true, unless there was an express agreement to the contrary, and if there was such agreement it should have been stated in the plea.   Though not a party to the contract, L. A. Ohleyer could have enforced the contract of forbearance.   *Hendrick* v. *Lindsay*, 93 U. S. 143.   When defendant accepted the bill he became the principal debtor.   Story on Bills, §§ 13, 268 ; 2 Wheaton, 385.

If L. A. Ohleyer had drawn the bill, whether for a pre-existing debt or a new consideration, the defendant after acceptance would certainly be liable.   2 Pet. 182.   In such case the drawer and acceptor would not have been joint debtors ; their contracts would have been separate.   Story on Bills, §§ 121, 191, 253.   And the consideration passing between the drawer and acceptor to induce the acceptance would have been a matter with which plaintiffs would have no concern.

The presumption of law is that the defendant had funds belonging to L. A. Ohleyer or had made arrangements by which he

would be enabled to meet the acceptance. Relying upon this, the plaintiffs waited until 'the maturity of the bill. *Lapham* v. *Barrett*, 1 Vt. 247. This was a sufficient consideration.

The plea does not state whether there was any agreement that the debt of L. A. Ohleyer was to be extinguished or not ; or whether there was to be any forbearance or not. Nor is it stated whether defendant had any funds in hand belonging to L. A. Ohleyer to meet this acceptance ; nor whether L. A. Ohleyer had arranged with the defendant to meet the acceptance. Not having stated anything as to these matters in his pleading, he could not show them in evidence. As he did not state what the real consideration was, but only stated a conclusion of law, there was nothing in the plea to take issue upon.

Where the acceptance is for the drawer's accommodation, and the acceptor has no funds, the drawer cannot recover on the acceptance. But here the acceptance is not for the accommodation of the drawers. *Sowerby* v. *Butcher*, 2 Cr. & M. (Exch.) 368.

If it was for the accommodation of L. A. Ohleyer, plaintiffs have no concern with that. Bayley on Bills, 553 ; Story on Bills, 253 ; *Grant* v. *Ellicott*, 7 Wend. 227.

After the extension of the debt was obtained, plaintiffs made no effort to collect their debt and could not have done so before maturity of the bill. 3 Wall. 37 ; 4 M. & W. 9, 15.

This is not like the case of signing or indorsing as surety a note after execution and delivery. 7 Pick. (Mass.) 242.

Here the acceptance itself operated as an extension, and this was a sufficient consideration. Story on Bills, §§ 16, 178.

The face of the bill shows an agreement for an extension, and if defendant would defend on the ground that there was an agreement contrary to that, or in addition to it, he must prove such agreement. Ib.

He cannot prove it without alleging it and letting the court and opposite counsel know what the agreement was. Then he must establish it by competent proof, and there is high authority for saying oral testimony would not be competent. 1 Green. Ev., § 305 ; 10 Wend. 277.

A subsisting debt due from a third person is a good consideration for a bill or note payable at a future day. The remedy for the previous debt is suspended till maturity of the paper. Byles on Bills, 128.

Let us suppose a case, and we can take the facts as insisted upon by the defendant for the illustration. L. A. Ohleyer owed plaintiffs a debt on open account, past due; John Ohleyer gives his bill for it, payable nearly two years after date, and nothing is said about forbearance one way or the other. The natural and necessary conclusion from the transaction is that plaintiffs are to take no further steps against L. A. Ohleyer during the currency of the bill, and both parties are bound by it.

COOPER, J., delivered the opinion of the court.

The demurrer to the second (amended) plea should have been overruled.

This plea is unusually full and explicit in that it not only states upon what consideration the acceptance was made, the past-due debt of another, but negatives specifically the existence of any agreement on the part of the plaintiffs to discharge their debtor from his obligation, to forbear the collection of the debt, or surrender any security held by them. It then negatives the fact that the defendant was originally bound, by averring that the defendant did not promise to pay the debt when it was made, or request the plaintiffs to extend the credit. Nothing now occurs to us, and nothing has been suggested by appellees' counsel not covered by the specific denials of the plea, which would be a sufficient consideration to uphold the defendant's promise to pay the debt. The plea is very much fuller than the one in *Nelson* v. *Serle*, 4 M. & W. 795, which was sustained by the court of exchequer chamber.

The objection which is taken, that to permit the defendant to plead a want of consideration would be to contradict the terms of the written instrument, is wholly untenable. It is not proposed to add to or detract from the terms of the promise, but to show that according to its terms as written it cannot be the foundation of an

action, because it is not supported by any valuable consideration. *Cocke* v. *Blackbourn,* 57 Miss. 689.

*The judgment is reversed, the demurrer overruled, and cause remanded.*

*A. J. McLaurin* and *P. Henry,* for appellees, filed a suggestion of error, protesting that it had not been urged on behalf of appellees that a want of consideration could not be shown by parol or otherwise. Counsel reviewed the authorities before cited and discussed at length the question involved in the decision of the court.

*Suggestion of error overruled.*