## GEORGE M. WEBSTER v. EDWARD T. SMITH.

### SAME v. SAME.

October Term, 1898.

Present : Ross, C. J., MUNSON, START and THOMPSON, JJ.

Opinon filed August 31, 1899.

*Oral testimony in connection with a written instrument—Witnessed note.*— Oral testimony is admissible to show that a note, purporting to be witnessed, was not a witnessed note when delivered. The rule with regard to oral evidence to vary a written instrument has no application when the legal existence or binding force of the instrument is in question.

*New trial—Surprise—One party misled by the other.*—Defendant misled the plaintiff as to his defence, which when made was a surprise to the plaintiff, and could be met only by a witness first made known to the plaintiff by the defendant's testimony. Plaintiff having failed on a motion for a continuance that he might improve this witness, and an affidavit of the witness being introduced showing that her testimony would meet the defence, a new trial was on the petition of the plaintiff granted.

THE ORIGINAL ACTION was assumpsit on a note. Pleadings referred to but not furnished the reporter. Trial by court, Washington County, September Term, 1897, *Tyler*, J., presiding. Judgment for defendant upon facts found. Plaintiff excepted.

On trial the plaintiff produced the note sued on, which bore the name of one Allen Perry as witness, and introduced evidence tending to show that the note was witnessed according to the statute when it was executed and delivered.

The defendant, against objection, was permitted to testify that the note was not a witnessed note when it was delivered, and the admissibility of this evidence was the sole question raised by the exceptions.

*J. P. Lamson* for the plaintiff.

*S. C. Shurtleff* for the defendant.

MUNSON, J.   It was not error to permit the defendant to testify that the note in suit was not a witnessed note when delivered.   The rule which prohibits the introduction of parol evidence to vary a written instrument has no application when the legal existence or binding force of the instrument is in question.   This evidence was not offered to vary the defendant's writing, but to show that the note as presented was not his writing.

*Judgment affirmed.*

A PETITION FOR A NEW TRIAL in the above case, brought to the Supreme Court by the plaintiff therein, was heard with the case on the bill of exceptions.   The opinion states the case on the petition.

*J. P. Lamson* for the petitioner.

*S. C. Shurtleff* for the petitionee.

MUNSON, J.   The note in suit purports to have been witnessed by Allen Perry.   Defendant told plaintiff's counsel before the trial that Perry's name was not in his handwriting ; and the case was prepared upon the theory that the defense would accord with this statement.   On trial, to the plaintiff's surprise, the defendant testified that Perry's signature was genuine, but that Perry's wife was the only one present when the note was executed, and that the subsequent affixing of Perry's name was without authority.   The plaintiff thereupon moved for a continuance to enable him to procure the attendance of Mrs. Perry, which motion was overruled.   Neither the plaintiff nor his counsel knew that Mrs. Perry was present at the execution of the note until the defendant so testified.   The plaintiff now produces in support of his petition the testimony of Mrs. Perry that her husband was present when the note was executed, and affixed his name as a witness in defendant's presence.   This presents a case which entitles the plaintiff to a new trial.

*New trial granted.*