### George B. VanNorman et al. v. David H. Young.
#### Gen. No. 12,742.

1. PUIS DARREIN CONTINUANCE—*effect of plea of.* Such a plea supersedes all other pleas, but it does not admit the truth of statements contained in .an affidavit upon which a *capias ad respondendum* has issued.

2. ADDITIONAL PLEAS—*when refusal of leave to file, not error.* It is not error to refuse leave to file additional pleas where the issue sought to be made by such additional pleas has already been duly made by another plea in the cause.

3. CONTRACT—*when evidence not incompetent as tending to vary or contradict a.* Evidence introduced for the purpose of showing that it was not intended by the parties that a contract was not to be effective as between them, is not incompetent as tending to vary or control the terms of the written instrument.

VanNorman v. Young.

Action of assumpsit. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed November 23, 1906.

**Statement by the Court.** This is a suit brought by appellants to the December term, 1902, of the Circuit Court of Cook county upon a promissory note dated May 15, 1902, for the sum of $4,033.86. At the same time the plaintiffs filed an affidavit for a *capias ad respondendum* to the effect that the defendant—appellee here—fraudulently contracted the debt sued upon. The fraud, according to the affidavit, consisted in alleged representations by the defendant that he owned and possessed 150 head of well bred native steers of sufficient value to secure the debt of $4,033.86. Affiant states that relying on these representations, plaintiffs gave defendant credit for that sum and released a part of a lien held by virtue of a former chattel mortgage, taking a new chattel mortgage on said 150 head of cattle to secure the note sued upon; that the defendant's representations were false and fraudulent and known by him to be so at the time; that the latter did not have and was not the owner of 150 head of cattle and did not own more than 82 head of cattle which were inferior in quality to those described in the chattel mortgage, and that defendant has sold and disposed of his property with intent to defraud his creditors. Upon this affidavit a *capias* issued, defendant was arrested and subsequently admitted to bail.

Defendant filed a plea of general issue, but subsequently and before the case was reached for a trial, he filed a plea *puis darrien continuance* by leave of court first obtained, setting up that the defendant was a resident of Iowa and that on the 26th of March, 1903, in the Northern District of Iowa, Eastern Division, he was adjudicated a voluntary bankrupt; that afterward on the 5th of July, 1904, he was by the District Court of the United States in said Northern District

of Iowa discharged from all debts and claims probable against his estate which existed on the 26th of March, A. D. 1903, excepting such debts as are by law excepted from the operations of a discharge in bankruptcy; that the causes of action in plaintiffs' declaration mentioned were provable against defendant's estate in bankruptcy and are not such as are by the Acts of Congress relating to bankruptcy excepted from the operations of such discharge.

To this plea plaintiffs filed a replication of like tenor with the affidavit upon which the *capias ad respondendum* was issued. Defendant filed a rejoinder denying plaintiffs' allegations as to fraud, misrepresentations and false pretenses and concluding to the country. The issues were submitted to a jury which returned a verdict finding defendant not guilty on the issue of fraud, together with a special finding that defendant on the 15th of May, 1902, when the note sued upon was given, owned and had in his possession 150 head of cattle such as are described in his mortgage to plaintiffs securing the said note of that date.

E. F. Masterson and Charles M. Haft, for appellants.

Tinsman, Rankin & Neltnor and Charles M. Young, for appellee.

Mr. Presiding Justice Freeman delivered the opinion of the court.

It is sought to reverse the judgment in favor of appellee upon the alleged ground that inasmuch as the plea *puis darrien continuance* admits all matters in issue at the time of filing such plea, the court should have instructed the jury in accordance with appellants' motion to find for the plaintiffs; that it was a question of law for the court as to whether the debt had been discharged in bankruptcy; that the plea *puis* amounted to an admission by the defendant that the

suit had been properly commenced and prosecuted up to that time, and that the affidavit for *capias ad respondendum* was a statutory pleading sufficient without any other declaration upon which to enter judgment both upon the issue of assumpsit and that of fraud. The contention is that all the allegations of the affidavit for *capias* were admitted by the plea *puis* and that all that remained to be done was for the court to examine the affidavit and from that determine whether the appellants' claim was or was not discharged in bankruptcy, leaving to the jury only the assessment of damages.

We discover no warrant for these contentions. The general character and effect of a plea *puis* are stated by Mr. Justice Mulkey in Mount v. Scholes, 120 Ill. 394, on page 399, to be that matter of defense arising after the commencement of an action cannot be pleaded in bar of the action generally, but must be pleaded to its further maintenance. If the defense arise after plea and before replication or after issue joined whether of law or fact, then it must be pleaded *puis darrien continuance*. This plea questions only the plaintiffs' right to further maintain the suit. When filed it supersedes by operation of law all other pleas and defenses in the cause. In Angus v. Trust & Savings Bank, 170 Ill. 298-300, which for some reason seems to be relied upon by appellants' attorneys, the general rule is stated to be that ''a plea *puis darrien continuance* supersedes all other pleas and defenses in the cause; and by operation of law the previous pleas are stricken from the record and the cause of action admitted to the same extent as if no other defense had been urged than that contained in this plea. Everything is confessed except the matter contested by the plea *puis*.'' In this last mentioned case the court found ''no evidence in the record which tends to support the issue'' presented by the plea *puis*. In the case at bar an issue was distinctly made upon the plea

*puis.* That plea set up a discharge in bankruptcy after
the last former pleading in the cause and that the debt
sued upon was not excepted from the operation of such
discharge. To this appellant replied that the debt sued
for was created by fraud, misrepresentation and false
pretenses with intent to defraud. It was upon the
issue thus made and without reference to the original
affidavit upon which the *capias ad respondendum* was
obtained that the cause went to trial. There is no
foundation that we are aware of for appellants' con-
tention that the plea *puis* admitted the truth of the
affidavit upon which the capias was based or that such
affidavit "is a statutory pleading sufficient in itself
without any other declaration upon which to render
judgment against the defendant on both the assumpsit
issue and the issue of fraud." The affidavit for capias
is not a pleading. The statute provides a method
(chap. 16, sec. 9) of disposing of questions raised by
that affidavit. It authorizes the court on application
to "discharge the defendant from arrest for insuffi-
ciency of the affidavit or because the facts stated
therein are not true, or other good cause which would
entitle him to be discharged upon *habeas corpus.*" No
formal pleadings are required. Such motion to quash
is addressed to the discretion of the court and its deci-
sion cannot be assigned for error. Walker v. Welch,
14 Ill. 364. The motion relates only to the mode in
which the defendant is before the court, and its deter-
mination "one way or the other could not affect the
right of appellee to proceed to a trial of the cause. It
was neither in abatement nor in bar of the action. Its
determination could not affect the steps which might
be taken for the collection of any recovery which might
be had. It only questions the right of appellee to hold
appellants in custody in satisfaction of the judgment,
or his bail liable if he should not be surrendered in
execution, but it by no means questions the right of
recovery." Phillips v. Kerr, 26 Ill. 213-215. It is by
special provision of the statute (chap. 11, sec. 27) that

a "defendant may plead traversing the facts stated in the affidavit upon which" an attachment has issued. There is no such provision as to an affidavit upon which a writ of *capias ad respondendum* issues. The plea of general issue filed to the appellants' declaration in assumpsit did not traverse the affidavit for *capias,* and the plea *puis* admitted nothing stated in that affidavit, nor did it concede the right of appellants to hold appellee in custody pending the determination of appellants' right of recovery in the pending action of assumpsit.

Objection is urged to the ruling of the court upon appellants' application at the trial for leave to file additional pleas, setting up that the debt was fraudulently contracted. That question was already put in issue by appellants' replication to the plea *puis* and appellee's rejoinder. There was no error in refusing leave to file additional pleas raising the same issue and none other.

It is contended that evidence was erroneously admitted tending to show that the chattel mortgage given to secure the note sued upon was not intended or expected by appellants to be operative as between the parties thereto. We find no material nor harmful error in the admission of the evidence referred to. There is language in the mortgage itself which seems to contemplate sale of the mortgaged property by the mortgagor. While it is provided that the cattle in the mortgage referred to are to be shipped and consigned for sale to appellants, it is also provided that if they shall be consigned or sold elsewhere, appellants, the mortgagees, shall be paid a commission for each animal so consigned and sold. The evidence objected to was not introduced for the purpose of varying or contradicting the terms of the written contract, but to show that said contract was not intended to be effective as between the parties, and was designed mainly to prevent other creditors of appellee from interfering with the cattle therein mentioned.

Objections are made to the instructions generally. We cannot consider these in detail without unduly and unnecessarily prolonging this discussion. It must suffice to say that we find no errors such as would justify the reversal of this judgment. The question as to whether appellee fraudulently contracted the debt was, we think, fairly submitted to the jury upon evidence, which on the whole warrants the finding in appellee's favor. In view of this conclusion it is unnecessary to consider other alleged obligations to which attention is called.

No sufficient reason appears which could justify interference with the judgment and it must therefore be affirmed.

*Affirmed.*