MINNEAPOLIS THRESHING MACHINE COMPANY, APPELLEE, V HOWARD W. OTIS ET AL., APPELLANTS.

FILED JANUARY 17, 1907. No. 14,638.

**Parol Evidence:** FRAUD. The defense of fraud and want of con sideration may be shown by parol, not to contradict or vary, bu to destroy the legal and binding effect of a written contract.

APPEAL from the district court for Madison county: JOHN F. BOYD, JUDGE. *Reversed.*

*Allen & Reed,* for appellants.

*M. B. Foster, contra.*

OLDHAM, C.

This was a suit on four promissory notes, given for the purchase of a threshing outfit. Defendants' answer admitted the execution of the notes, and pleaded rather voluminously a failure of consideration, breach of warranty, fraudulent misrepresentations inducing the purchase, and the statute of limitations. Plaintiff by way of reply alleged that the machines were purchased under the terms of two written contracts, which were incorporated in the

reply, and alleged payments on certain of the notes, which tolled the statute of limitations, and denied the other allegations of defendants' answer. At the trial of the cause plaintiff introduced its notes and rested, without offering any proof tending to show payments on two of the notes, which appeared upon their face to have been barred by the statute of limitations. When one of the defendants took the stand in their behalf, after a few preliminary questions had been propounded by their counsel, plaintiff's attorney, for the purpose of objecting to questions touching on the representations alleged to have been made by its agent to induce the purchase of the machines, was permitted to cross-examine the witness as to whether or not the contracts in writing pleaded in the reply had been entered into between the plaintiff and the defendants when the machines were purchased. The witness answered that he had signed such contracts. The court then excluded the testimony offered by defendants tending to show false representations relied upon as an inducement to sign the contracts, and also evidence tending to show deceit and fraud alleged to have been practiced by plaintiff's agent in procuring defendants' signatures to the contracts, as well as evidence offered tending to show an alleged failure of consideration. It then directed a verdict for defendants for the two notes, which appeared to have been barred by the statute of limitations, and a verdict for the plaintiff for the sum due on the other two notes, and entered judgment upon this verdict. To reverse this judgment defendants have appealed to this court.

The learned trial court appears to have proceeded on the theory that the evidence offered by defendants was for the purpose of contradicting or varying the terms of the written contracts pleaded in plaintiff's reply. If this had been the only purport of the testimony offered by defendants, the conclusion of the trial court would have been fully warranted. But, from an examination of the testimony offered and excluded, we are clearly of the opinion that its purport was not to contradict, but to destroy and

annul the effect of the written contracts relied upon by plaintiff. Under the provisions of our code, when new matter is pleaded in the reply, it may be controverted by the adverse party "as upon a direct denial or avoidance." Consequently, any testimony which would have the effect of avoiding these contracts was properly admissible under the provisions of the code. If the evidence offered had been admitted, and not denied by the plaintiff it would have destroyed the effect of the contracts relied on by the plaintiff, and would have shown that, while they appear to be legal and binding, in fact they were not, and never constituted a legal and binding obligation.

We are therefore of opinion that the trial court erred in excluding the testimony offered by the defendants, and we recommend that the judgment be reversed and the cause remanded for further proceedings.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.