## DRISCOLL v. COLBY.

(Supreme Court, Appellate Division, First Department.   February 6, 1914.)

1. EVIDENCE (§ 444*)—PAROL EVIDENCE—CONDITIONS.

The payee of notes who orally agreed that they should be paid from moneys collectible under certain certificates pledged as collateral security would not be enjoined from suing on the notes, in view of the distinction between oral conditions subsequent affecting the terms of a written instrument unconditionally delivered and agreements contemporaneous with the delivery establishing conditions affecting the delivery, especially where it was not claimed that the payee was not abundantly able to respond in damages.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929–1944, 2049; Dec. Dig. § 444.*]

2. EVIDENCE (§ 397*)—PAROL EVIDENCE TO VARY WRITING.

Oral testimony is always competent on the question of whether or not there is a written contract, but when its effect is to establish the existence of a written contract, which it is designed to contradict or change, the spoken word must yield to the written agreement.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1756–1765; Dec. Dig § 397.*]

Appeal from Special Term, New York County.

Action by Timothy F. Driscoll against Thomas E. Colby.   From an order granting a preliminary injunction, defendant appeals.   Reversed, and motion for injunction denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Antonio Knauth, of New York City (Otto V. Schrenk, of New York City, on the brief), for appellant.

John M. Gardner, of New York City, for respondent.

HOTCHKISS, J.   [1, 2]   The plaintiff borrowed about $7,000, from the defendant, for which plaintiff gave defendant his collateral notes, pledging certain cemetery "certificates of interest" therefor, with the usual power of sale.   These certificates provide that the holders are entitled from time to time to receive certain moneys from the proceeds of the sale of cemetery lots.   Plaintiff claims that when he gave to defendant the notes in suit, it was on the oral agreement that they should be paid from the moneys collectible under the certificates.   The agreement on which plaintiff's alleged equities depend is denied in toto, and it is not claimed that defendant is not abundantly able to respond in damages.   But the complaint contains no equities.   In Jamestown Business College Ass'n v. Allen, 172 N. Y. 291, 64 N. E. 952, 92 Am. St. Rep. 740, the distinction between oral conditions subsequent affecting the terms of a written instrument unconditionally delivered, and agreements contemporaneous with the delivery of a written instrument, and establishing conditions affecting such delivery, are plainly set forth.   The rule concerning oral testimony to alter or contradict written agreements was further explained in Smith v. Dotterweich, 200 N. Y. 299, 305, 93 N. E. 985, 987 (33 L. R. A. [N. S.] 892), where it was said:

"When the oral testimony goes directly to the question whether there is a written contract or not, it is always competent; but when the effect of the oral testimony is to establish the existence of a written contract, which it is designed to contradict or change by parol, then the spoken word must yield to the written compact."

The order should be reversed, with $10 costs and disbursements, and the motion for injunction denied, with $10 costs. All concur.

