### JOHN LUCAS & CO. v. BRADLEY.

(Circuit Court of Appeals, Fourth Circuit. November 6, 1917.)

No. 1524.

1. BILLS AND NOTES ⬳493(1)—ACTIONS—DEFENSE.
   While the giving of a note raises a presumption that the amount named is then owing by the maker to the payee, the presumption is rebuttable.
2. EVIDENCE ⬳441(11)—PAROL EVIDENCE RULE.
   In an action on a note, given by defendant after having made part payment on a larger debt, evidence in support of his counterclaim, that at the time of the execution of the note plaintiff was indebted to him on account of claims not then liquidated, and that it was agreed such claims would be credited on the note, relating to a collateral agreement, is admissible, not varying or contradicting the terms of the note.
3. ESTOPPEL ⬳104—EQUITABLE ESTOPPEL.
   Where a debtor, who pledged collateral, signed a written statement, in which he admitted he was not entitled to any credit by virtue of a note deposited as collateral, except as to the amounts paid thereon, the creditor, though he extended the note, is not, the maker being a bankrupt at the time of the trial, liable for the amount of the note; the debtor, by reason of his statement, being estopped from asserting the creditor's liability on account of the extension.

In Error to the District Court of the United States for the Western District of North Carolina, at Asheville; James E. Boyd, Judge.

Action by John Lucas & Co. against S. O. Bradley, who counterclaimed. There was a judgment for defendant on his counterclaims, and plaintiff brings error. Reversed.

Louis M. Bourne, of Asheville, N. C. (J. Howard Reber, of Philadelphia, Pa., and Bourne, Parker & Morrison and Theo. F. Davidson, all of Asheville, N. C., on the briefs), for plaintiff in error.

Joseph F. Ford, of Asheville, N. C. (Lee & Ford, of Asheville, N. C., on the brief), for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and DAYTON, District Judge.

KNAPP, Circuit Judge. In this action on a promissory note the matters in dispute are certain counterclaims set up by defendant. The record shows the following facts: Plaintiff in error, plaintiff below, is a Pennsylvania corporation engaged in the manufacture of paints and similar articles at the city of Philadelphia. In 1911 defendant was president of the Asheville Paint & Glass Company, of Asheville, N. C., which dealt in the same articles. In August of that year he gave plaintiff a note for $6,500, payable on demand and secured by 150 shares of the stock of his company and a deed of trust on his residence in Asheville. On November 7, 1914, having sold the house, he paid plaintiff $3,500 on this note and gave a new note for the balance of $3,424.72, which is the note in suit.

[1, 2] All the transactions on which the counterclaims are based occurred before the latter note was executed, and plaintiff contends that this operates to bar their allowance. Undoubtedly the giving of a promissory note raises the presumption that the amount named in it is then owing by the maker to the payee. But this presumption is rebuttable, and there are many cases in which the maker may prove a collateral agreement or other facts which relieve him from liability. Such proof does not vary or contradict the written note, but shows independently that it is not a binding obligation. In this case the defendant testified:

"Along about the time this note of $3,400 was made, they forced me to sell my home, which I did, and applied it on this note for $6,500. They told me to give a new note for the balance, which I agreed to do, provided I would get the credits for commissions on sales, some stock I had turned over to Mr. Estreicher, and some notes * * * I had indorsed over to them to be credited on this $6,500 original note."

From this and other testimony of like import, detailing what was thus summarized, the jury were warranted in finding that plaintiff was indebted to defendant in various sums when the note sued on was given, and that such indebtedness was not then liquidated or discharged. It is enough to say that this testimony was clearly admissible under the pleadings, and that plaintiff cannot defeat the counterclaims of defendant on the ground that they antedate the execution of the note.

[3] Aside from this general contention, which cannot be sustained, the only question raised by the assignments of error is the allowance by the jury of a note for $1,000 given by one Poole to defendant and by him indorsed and turned over to plaintiff, before the note in suit was executed, as further security for the original debt. When this note became due, the plaintiff, without the consent or knowledge of defendant, as the latter alleges, accepted from Poole new notes made by him, either two or four, on which suit was afterwards brought and judgment recovered. The record does not disclose the date when such extension of credit was granted, and we find no proof that Poole was then insolvent, though he was shown to be in bankruptcy when this case was tried. If nothing more appeared, it might be assumed, under the general rule of law, that plaintiff was chargeable with the amount of the original note because he renewed it at maturity instead of taking steps to enforce its payment. 31 Cyc. 838; Mauney v. Coit, 80 N. C. 300, 30 Am. Rep. 80. But this rule is without application here

for the reason that defendant, in June, 1915, signed a written statement in which he admits and agrees:

"That there is no credit due on the $3,400 note by virtue of the Poole and Sluder notes, except as the amounts of principal and interest are paid on them, respectively."

Whatever might otherwise be his legal rights, we are of opinion that defendant is estopped by this admission from claiming credit on account of the Poole note for any greater sum than plaintiff has actually collected thereon. The testimony is not all before us, but it appears from a statement in the judge's charge that only $17 had been paid on this note. If that be the fact, and it was not challenged in argument, there was no evidence to support a verdict for any larger amount on this item of the counterclaim, and the allowance of the face value of the note was therefore an error which entitles plaintiff to a new trial. Inasmuch, however, as the proofs warranted the other items allowed by the jury, such new trial should be confined to the question of how much has been paid on the Poole note, to the end that a correct and proper judgment may be entered in accordance with the views expressed in this opinion.

Reversed.