RUSSELL ET AL. *v.* GIFT.

[No. 13,454.   Filed August 1, 1929.   Rehearing denied October 21, 1929.]

*Anderson & Mayfield,* for appellants.
*Fitzpatrick & Fitzpatrick,* for appellee.

NICHOLS, J.—Action for money had and received by appellee against appellants, alleging that appellants had collected and retained $230 belonging to appellee which they had failed on demand to pay over to her.   Appellants filed answer in set-off for $48.90, and a cross-complaint asking $425 as commission due them on a written contract for the sale of real estate belonging to appellee.   Appellee admitted the set-off on account of money paid out by appellants for repairs, and filed to the cross-complaint an answer in three paragraphs, denial fraud and estoppel.   The second paragraph avers, in substance, that the signature of appellee and that of her husband to the sales agency contract in writing attached to appellants' cross-complaint was obtained from appellee by the affirmative fraud of appellant Sims, one of the partners of George W. Russell and Company, in that,

said appellant came to the home of appellee on or about April 25, 1927, and requested appellee and her husband to sign a written agreement giving appellants the right and privilege to sell the property of appellee for $8,500; that, at said time, appellee and her husband informed said Sims that a man engaged in the real estate business in Indianapolis by the name of Ayres already had the same for sale and had informed appellee and her husband that he had a buyer for said property that would pay her $8,500 therefor, and already had a check made payable to her for $500 to bind such proposed purchase; that thereupon, appellant Sims informed and represented to appellee and her husband that if they would sign said sales agency contract, the same would have no binding force or effect if said deal then pending and promoted by said Ayres resulted in the purchase of said real estate so owned by appellee; that he desired appellee to sign said option in writing to appellants in order to save them another trip to the home of appellee, and so that, if the other sale did not go through, they could be prepared that much earlier to look for a buyer for said real estate, and further represented that, if said Ayres effected said sale to said prospective purchaser, neither appellee nor her husband would owe appellants anything, as he was asking appellee and her husband to sign said contract at that time solely for the benefit and accommodation of appellants; that appellee and her husband had known appellant Sims as a real estate man for some time, and they were deceived to appellees' injury, in that appellee and her husband did sign said contract, but only for the purpose as herein set out; that thereafter, the deal so promoted by Ayres went through and sale was effected through him, and appellee paid him the commission in the sum of $355, as she had agreed to do, and immediately notified appellants that said sale had been effected through said Ayres; that said contract so given to ap-

pellants was not intended by either of the parties thereto to be in effect unless and until said deal then pending with said Ayres had failed; that said sale was effected through said Ayres, and the money paid to appellee through his efforts, and on the deal and with the person with whom the same was pending at the time said contract so given to appellants was executed and delivered. The third paragraph, on the theory of estoppel, avers substantially the same facts as the second.

Appellants' demurrer respectively to these paragraphs of answer was overruled as to each paragraph, and appellants thereupon replied in denial. The cause was submitted to the court for trial, which resulted in a finding and judgment for $181.10, from which, after appellants' motion for a new trial was overruled, this appeal, appellants assigning as error the court's ruling on their demurrer to the answers to the cross-complaint, and in overruling their motion for a new trial.

Appellants present by each of these assignments of error, so far as we need to consider, but one question, and that is as to whether, under circumstances such as here, a written agreement can be avoided by a contemporaneous agreement in parol. The general rule that the contents of a written instrument cannot be contradicted, altered, added to, or varied by parol or extrinsic evidence is so well established that it is wholly unnecessary for us to cite authorities to sustain it. Nor do we need to discuss the exceptions to the rule, for the question here to be considered is neither within the rule nor the exceptions thereto. There is no attempt here, either by averment or proof, to vary the terms of the agency-sales contract involved, but to show, by the character of the transaction out of which it grew, that it was not intended to be operative, and that it was not operative, unless and until Ayres failed to close the sale with the purchaser with whom he was dealing at the

time of the signing of the contract in suit, and that, as Ayres did not so fail, the contract between appellants and appellee never became operative.

In *Lavalleur* v. *Hahn* (1911), 152 Iowa 649, 132 N. W. 877, 39 L. R. A. (N. S.) 24, it was held that where the execution of a written contract has been induced by an oral stipulation or agreement made at the time, on the faith of which the person executed the writing, and, without which, he would not have done so, and such agreement or stipulation is omitted from the writing, even if its omission is not due to fraud or mistake, evidence of the stipulation may be given, though it may vary the contract or obligation evidenced by the writing where there has been an attempt to make a fraudulent use of the instrument in violation of the promise, or there are circumstances which would make the use of the writing for any purpose inconsistent with the agreement dishonest or fraudulent.

In *Rice* v. *Rice* (1917), 101 Kans. 20, 165 Pac. 799, it was held that though the terms of an obligation assumed to be valid cannot be varied by parol, it may be shown by parol what caused the party thus to obligate himself, and thereby test the question as to whether he is legally bound, as the writing imports, or whether he is by any cause partially freed from liability thereon.

In *Bartholomew* v. *Fell* (1914), 92 Kans. 64, 139 Pac. 1016, it was held that, between the original parties to a written instrument, the rule excluding parol evidence in contradiction of a written agreement is not infringed by proof that the instrument was never delivered, or was delivered to take effect only upon the happening of some future event.

In *Webster* v. *Smith* (1899), 72 Vt. 12, 47 Atl. 101, it was held that the rule which prohibits the introduction of parol evidence to vary a written instrument has no ap-

plication where the legal existence or binding force of the instrument is in question.

In *Vardeman* v. *Bruns* (1917), 199 S. W. (Mo. App.) 710, it was held that parol evidence that the defendant might withdraw, and that the contract was not to become operative until the defendant's competitors signed similar contracts, and until the service was put in operation, was admissible to show that the contract never became operative as a contract, as it did not contradict or vary the terms of a written contract, but was in the nature of a separate agreement constituting a condition precedent to any obligation under the contract.

In *Colonial Jewelry Co.* v. *Brown* (1913), 38 Okla. 44, 131 Pac. 1077, it was held that evidence offered for the purpose of showing that a written instrument was delivered conditionally did not constitute contradicting or varying a written instrument by parol, and that such evidence does not tend to show any modification or alteration of the written agreement, but that it never became operative, and that its obligation never commenced.

In *Denver Brewing Co.* v. *Barets* (1897), 9 Colo. App. 341, 48 Pac. 834, it was held that the general rule as to the inadmissibility of parol evidence to vary the terms of a written instrument is not infringed at all by proof of a contemporaneous agreement, providing this proof established by satisfactory evidence that the written instrument was either never delivered or was delivered on a condition which never had been performed, or delivered under circumstances, if it be of a commercial character, that it was never intended to be the note of the party executing it.

These authorities are sufficient to illustrate the principle. Other authorities, not so closely in point, but which illustrate, are: *Lucas* v. *Bradley* (1917), 246 Fed. 693; *Barton-Parker Mfg. Co.* v. *Taylor* (1906), 78 Ark. 586, 94 S. W. 713; *Waid* v. *Hobson* (1902), 17

Colo. App. 54, 67 Pac. 176; *VanNorman* v. *Young* (1906), 129 Ill. App. 542, 228 Ill. 425, 81 N. E. 1060; *Birely & Sons* v. *Dodson* (1908), 107 Md. 229, 68 Atl. 488; *Southern Adv. Co.* v. *Metropole, etc., Co.* (1900), 91 Md. 61, 46 Atl. 513; *Woodard* v. *Walker* (1915), 192 Mich. 188, 158 N. W. 846; *Church* v. *Case* (1896), 110 Mich. 621, 68 N. W. 424; *Minneapolis, etc., Co.* v. *Otis* (1907), 78 Nebr. 233, 110 N. W. 550; *Driscoll* v. *Colby* (1914), 161 App. Div. 922, 145 N. Y. Supp. 681; *Gilman* v. *Gross* (1897), 97 Wis. 224, 72 N. W. 885; *Grebe* v. *Swords* (1914), 28 N. D. 330, 149 N. W. 126.

We hold that averments and proof of the conditional execution and delivery of the sales-agency contract by appellee to appellants, and the circumstances surrounding such transaction, were competent for the purpose of showing that such contract did not become operative because of the sale made by Ayres, and that the court did not err in his rulings.

Judgment affirmed.