## M. J. COCKE *v.* A. L. BLACKBOURN.

PROMISSORY NOTE.   *Consideration.   Parol evidence.*
> The real consideration for a sealed note, as distinguished from the expressed consideration, may be shown by parol evidence in a suit thereon.

ERROR to the Circuit Court of Tate County.

Hon. SAM POWEL, Judge.

*Shands & Johnson,* for the plaintiff in error.

Parol evidence is admissible to show the real consideration of a bill single, whether any is expressed in the writing or not. *Lee* v. *Dozier,* 40 Miss. 477 ; *Blackwell* v. *Reid,* 41 Miss. 102 ; *Marshall* v. *Hamilton,* 41 Miss. 229.   It has never been seriously denied that the consideration of a writing can be inquired into when the instrument itself does not express

its consideration. 1 Dan. Neg. Inst. § 163. Under Code 1871, § 605, the consideration of sealed instruments can be impeached like other written instruments. It is well settled that the fullest inquiry may be made into the consideration of written instruments. 1 Greenl. Evid. §§ 285, 304. In *Buckels* v. *Cunningham*, 6 S. & M. 358, this doctrine is forcibly and lucidly asserted. In *Marsh* v. *Lisle*, 34 Miss. 173, a wholly different consideration was proved by parol. 1 Dan. on Neg. Inst. § 162. Outside of our State the same doctrine has been often announced. *Holmes's Appeal*, 79 Penn. St. 279; *Taylor* v. *Preston*, 79 Penn. St. 436; *Buckley's Appeal*, 48 Penn. St. 491; *Fort* v. *Orndoff*, 7 Heisk. 167; *Laudman* v. *Ingram*, 49 Mo. 212; *Donley* v. *Tindall*, 32 Texas, 43; *Perry* v. *Smith*, 34 Texas, 277; *Bonney* v. *Morrill*, 57 Maine, 368; *Lawton* v. *Buckingham*, 15 Iowa, 22; *Frey* v. *Vanderhoof*, 15 Wis. 397; *Wynne* v. *Whisenant*, 37 Ala. 46; *Thomas* v. *Barker*, 37 Ala. 392.

*Oglesby & Taylor*, for the defendant in error.

The bill single would preserve none of its features but the names of the parties, if all the matters in the plea were annexed to it as part of its terms. This brings the case under the rule that excludes all evidence of a contemporaneous, verbal understanding or agreement, the effect of which would be to contradict or vary the written instrument, as the contract of the parties. Stark. Evid. 648; 1 Greenl. Evid. § 275; 1 Chitty on Contracts, 108; Parsons on Notes & Bills, 501; Story on Contracts, §§ 669, 671, n.; 1 Dan. on Neg. Inst. § 80. A contract cannot rest partly in parol and partly in writing. 1 Waite's Actions & Defences, 131; *Herndon* v. *Henderson*, 41 Miss. 584; *Wren* v. *Hoffman*, 41 Miss. 616; *Dixon* v. *Cook*, 47 Miss. 220. Where the consideration is expressed, parol evidence will not be admitted to show a greater or different consideration. 1 Chitty on Contracts, 25; *Powell* v. *Jones*, 12 S. & M. 506. It cannot be shown that the sum agreed to be paid was different, or that an additional sum was to be paid in a certain contingency. Dan. on Neg. Inst. § 81. Parol evidence is not admissible to annex a condition to an absolute promise in the form of a promissory note. *Allen* v. *Furbish*, 4 Gray, 504; 1 Greenl. Evid. § 281.

CAMPBELL, J., delivered the opinion of the court.

The question raised by the demurrer to the plea, and discussed by counsel is, Whether the consideration expressed in the bill single sued on precludes the obligor from showing by parol an additional and different consideration ? We consider it well settled that the real consideration of a note may be shown by parol, whatever may be the statement of the note as to the consideration. If this were not so, all inquiry could be shut out by the easy process of stating the consideration in every note to be gold coin or other equally unassailable consideration, and then the defence of illegality, or want or failure of consideration would be unknown, to the great relief of courts, but at the expense of justice between parties litigant. In *Pollen* v. *James*, 45 Miss. 129, the promissory note sued on contained the statement, that it was given in consideration of " money loaned." A plea that its real consideration was a slave sold to the maker and warranted to be sound, and that the warranty was broken, was held to be good on demurrer. This case is well supported by authority, and announces the true doctrine on this subject. Wharton Evid. §§ 928, 1044 ; *Pierce* v. *Woodward*, 6 Pick. 206 ; *Butler* v. *Smith*, 35 Miss. 457. Under our statute, Code 1871, § 605, there is no difference, in this respect, between sealed and unsealed instruments. In *Meyer* v. *Casey*, *ante*, 615, we held it to be admissible to assail an instrument under seal by showing by parol evidence the real consideration to be different from that expressed, and that it had failed. It is always allowable to show that the instrument sued on never was valid, either for fraud or illegality, or want of consideration, or for failure of some condition on which the instrument was to take effect; or that, having been valid, from something occurring subsequently, it has ceased to be operative wholly or partially. It is not admissible to vary the terms of a valid written instrument by parol; but it is allowable to attack the instrument, and seek to overthrow it as never valid or having ceased to be. The distinction is between the promise and its consideration, between the obligation and that which supports it. The former cannot be altered by parol. The latter may be. The terms of an obligation assumed to be valid, cannot be varied by parol; but it may be

shown by parol what caused the party to thus oblige himself. That consists with the written obligation, and does not vary it. The right to show the real consideration is a qualification of the general rule of the inadmissibility of parol evidence to alter the terms of a written contract, and is as well established as the rule itself. *Barker* v. *Prentiss*, 6 Mass. 430. What I bind myself by writing to do, cannot be varied by parol; but I may always show by parol what induced me to thus bind myself, and thereby test the question whether I was legally bound, as the writing imports, or whether I have been, by any cause, wholly or partially freed from my obligation.

The facts stated in the plea demurred to, consist with the bill single sued on, except in its statement of its consideration; and, as we have stated, that may always be varied by parol. The substance of the plea is, that while the bill single was given, as it states, for the plaintiff's stock of merchandise, a further inducement to the defendant to make the purchase and execute the writing obligatory, was the promise of the plaintiff to give the defendant the advantage of his trade, in buying from the defendant to the amount of the bill single, and to influence his friends to purchase goods of the defendant, and that he would not rival the defendant in business for a certain period, and that the plaintiff had violated his promise in all these particulars, wherefore the consideration of the bill single has failed. In all this the terms of the obligation are not sought to be varied; but, in entire harmony with the promise to pay one day after date the sum expressed, the plea sets up, as independent of the instrument, a material inducement to the obligor to execute it in the obligation assumed by the plaintiff and violated by him. The demurrer was aimed alone at the admissibility of facts, to be shown by parol, to vary the statement of the writing as to its consideration. That is the only question discussed by counsel, and to that we have confined ourselves.

*Judgment sustaining demurrer to plea reversed and cause remanded.*