# ELBANIS C. MYERS
## v.
## ABRAHAM FRY, Impl'd, etc.

1. SURETY—LIMITED LIABILITY.—F. was co-surety with others upon a note of M.'s which was not paid at maturity. M. and the other sureties signed a renewal note and two of them brought the renewal note to F. for his signature. F. declined to sign as surety for M.. but said that as E., one of the sureties, was good, he would sign it as surety for E., and signed the note, E. not being present. E. paid the note and sued F. for contribution. *Held*, that if F. limited his liability to that of surety for E., the action could not be maintained.

2. EVIDENCE—PAROL.—In such case parol evidence is admissible to show such limitation of liability.

APPEAL from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed December 4, 1885.

Messrs. McNULTA & WELDON, for appellant.

Messrs. STEVENSON & EWING, for appellee.

PLEASANTS, J. In 1873 the parties signed a note for $500, for a debt of Olden Myers, who was then supposed to be financially good but soon became embarrassed; and in the next year another, in renewal, which appellant paid on execution, July 22, 1880, amounting, with interest and costs, to $850.95. He brought this suit against the others, for contribution, but appellee only was served with process.

On the trial defendant testified that when the last note was brought to him by Olden Myers and Joseph Myers, who with appellant had already signed it, he refused for the reason given that Olden was then insolvent but upon their urging its importance and reminding him that he knew appellant was good if Olden was not, said he would sign it as surety for Elbanis but not for Olden, and signed it. He was contradicted, but the jury appear to have believed him; for under instruc-

Myers v. Fry.

tion that the fact so stated, if proved, would be a good defense, they found for him, and he had judgment for his costs.

Appellant argues that the note being in renewal of one on which he and appellee were confessedly co-sureties, the presumption would be that this relation was renewed; and further, that appellee could not make him a principal without his consent, citing Whitehorne v. Hanson, 42 N. H. (5 Chandler) 9, where it was said of sureties, that "by signing they assume the liabilities of sureties only, and no third person, by his own act merely, without their consent, can increase or change to their disadvantage the obligation they have assumed. They can be made liable as principals on a note they have signed as sureties by their own act alone.

But this defense does not seek to change appellant's obligation or make him liable as principal. The question it presents has no reference to his obligation but to his asserted claim, that is, appellee's liability to him. It would seem, therefore, that the familiar principle of the case cited is against him, since he is seeking to change the obligation assumed by appellee, and without his consent, if the latter assumed, as he claims, only that of surety for him. He freely chose his own position on the note as co-surety with Joseph for Olden Myers, and that is the full extent of his liability; but he could not dictate or coerce that of appellee, who signed it afterward with equal independence, and needed no consent of the others to any limitation of his own liability only that he saw fit to impose. It could work no injury to them. If he did limit it as between themselves to that of surety for appellant, this action can not be maintained. And such limitation may be shown by parol. All this seems to be settled conclusively for us by the closely parallel case of Robertson v. Deatherage, 82 Ill. 511.

The presumption as to the difference of relations in the last note from what they were in the first, if any, may of course be rebutted in like manner. Seeing no error in the record the judgment will be affirmed.

Judgment affirmed.