DAVID M. CAMPBELL v. WILLIAM H. DAVIS ET AL.

[47 South. 546.]

1. EVIDENCE.  *Written contracts.  Parol to show consideration.*

   The real consideration for a promissory note and deed of trust se-
   curing it, as distinguished from the expressed consideration, may
   be shown by parol in a suit between the parties to enjoin a fore-
   closure sale *in pais* under the deed.

2. PAYMENTS.  *Sunday.*

   The court will not deny a debtor credit for a payment, accepted and
   retainend by the creditor, because made on Sunday.

FROM the chancery court of Kemper county.

HON. JAMES F. McCOOL, Chancellor.

Davis and wife, appellees, were complainants in the court
below; Campbell, the appellant, the beneficiary, and another, the
trustee, in a deed of trust executed by appellees, were defendants
there. From a decree in favor of complainants the defendant,
Campbell, appealed to the supreme court.

Appellees obtained an injunction to prevent a foreclosure sale
under a deed of trust executed by appellees to secure an indebt-
edness due to the appellant. The deed of trust recited the in-
debtedness to be $700, for money and supplies advanced and
that it was evidenced by a note for that sum. The testimony of
Davis was that Campbell advanced him only $200, but took the
note for $700 and had the deed of trust recite an indebtedness for
that sum so that he might, if necessary, use the note secured by
the deed of trust, as collateral in securing an advancement from
banks and other money lenders; and that he had paid the $200,
in different instalments, several of which were made on Sunday,
and accepted by Campbell without objection. The appellant ob-
jected to Davis' testimony as to the amount due on the ground
that it was an attempt to vary the terms of the note and deed of
trust; and objected to credits for money paid on Sunday, be-

cause made in violation of Code 1906, § 1366, rendering Sunday contracts and business transactions invalid.

*George H. Ethridge,* for appellant.

It was not legally permissible for the appellee to show payments made on Sunday. Code 1906, § 1366, distinctly provides that "if any person, on the first day of the week, commonly called Sunday, shall himself labor at his own or any other trade, calling or business, or shall employ his apprentice or servant in labor or other business, except it be in the ordinary household offices of daily necessity or other work of necessity or charity, he shall on conviction be fined," etc. The language of the statute is very broad and comprehensive. If, then, the payment of a debt is a business transaction, it cannot be done legally on Sunday, and our courts can have no authority to enforce such payment or apply the same to the reduction of the debt. He who comes into equity must come with clean hands. Eaton on Equity, 69.

The word, "business," embraces every thing about which a person can be employed. *Netterville v. Barber,* 52 Miss. 169.

The court will take notice that the fact of payment being made at all is denied by appellant, hence appellant cannot be criticised on the ground of his taking the Sabbath to attend to his business.

The court below erred in permitting the appellee to show by parol that the note and deed of trust did not correctly recite the amount of indebtedness. When the agreement of parties is reduced to writing, the writing becomes the exponent of the contract, and previous conversations and agreements are merged into such writing; and the terms of the writing cannot legally be enlarged or diminished or varied by parol. *O'Neal v. Mc-Leod,* 28 South. 23; *Herndon v. Henderson,* 41 Miss. 584; *Baum v. Lynn,* 72 Miss. 932; *Field v. Stewart,* 28 South. 819; *Williams v. Phillips,* 51 Miss. 196; *Bell v. State,* 38 South. 795; *Scott v. State,* 39 South. 1012.

Opinion of the court.

*Rencher & Daws,* for appellees.

Code 1906, § 1366, cited by learned counsel for appellant, is highly penal and should be strictly construed. Before a transaction should be condemned under the statute it should appear that the transaction comes within the spirit as well as the letter of the statute. The record shows that appellant Campbell went to the home of Davis, the appellee, on Sunday, received the money and assured Davis that the matter was all right. Can a creditor, on the Sabbath day, receive a payment on indebtedness, accept the same for such purpose, retain such payment, and then be allowed to enforce payment again on the sole ground that the debtor had no legal obligation upon him to make the payment on the Sabbath?

A payment made on Sunday, if retained by the payee, is a valid payment. Smith on Personal Property, 198; *Johnson v. Willis,* 7 Gray (Mass.), 164; *Lumore v. Frisbie,* 42 Mich. 186; *Blakesley v. Johnson,* 13 Wis. 530; *Berry v. Planters' Bank,* 3 Tenn. Ch. 69; 27 Am. & Eng. Ency. Law (2d ed.), 408.

Parol evidence of the amount actually due under the note and deed of trust was allowable. The true amount of indebtedness is what the court will seek to ascertain, and not to settle the question of the terms of the deed of trust. The record shows that the note, secured by the deed of trust, was given for much more than twice the amount actually due. It clearly appears that Campbell wanted security for more than was due, so that he might deposit the paper with his bank and draw more money upon it as collateral than he could hope to do if the true indebtedness were shown. This of itself was a fraud upon Campbell's part, and oral evidence is competent, under the circumstances, to show the true consideration. *Cocke v. Blackbourn,* 57 Miss. 689; *McDonald v. Kamper,* 89 Miss. 221, 42 South. 877; *Pollen v. James,* 45 Miss. 129; *Baum v. Lynn,* 18 South. 428.

FLETCHER, J., delivered the opinion of the court.

The contention, earnestly argued, that the chancellor erred

in permitting the complainant to show by parol that the note and deed of trust did not correctly recite the amount of the debt, but a sum far in excess of the true indebtedness, must fail in the light of the explanation given by Davis, and which was accepted by the chancellor as true. This statement was that only $200 was owing, but that at Campbell's request the amount was stated as $700, in order that Campbell might use the paper as collateral. This brings the case squarely within the well-established rule thus admirably stated by Judge CAMPBELL: "The terms of an obligation, assumed to be valid, cannot be varied by parol; but it may be shown by parol what caused the party to thus oblige himself. That consists with the written obligation, and does not vary it. The right to show the real consideration is a qualification of the general rule of the admissibility of parol evidence to alter the terms of a written contract, and is as well established as the rule itself. What I bind myself by writing to do cannot be varied by parol; but I may always show by parol what induced me to thus bind myself, and thereby test the question whether I was legally bound, as the writing imports, or whether I have been by any cause wholly or partially freed from my obligation." *Cocke v. Blackbourn,* 57 Miss. 689. A case almost identical on the facts is *McDonald v. Kamper,* 89 Miss. 221, 42 South. 877. Authorities which may seem to hold otherwise will be found to be readily distinguishable on the facts of each particular case.

There is no merit in the contention that no credit should have been allowed for payments made on Sunday. Creditors may not receive and retain such amounts and again enforce their payment. 27 Am. & Eng. Ency. Law (2d ed.), 408. Upon this record we do not feel justified in overturning the chancellor's finding on the facts.

*Affirmed.*