THE LONG-BELL LUMBER COMPANY, *Appellant*, v. THE McCRAY BAND COMPANY, *Appellee*.

No. 18,177.

SYLLABUS BY THE COURT.

1. MECHANIC'S LIEN—*Lessee Agent of Lessor—To Furnish Material and Labor*. Where a short-term lease contains a provision authorizing the lessee to make repairs or improvements at his own expense but that all repairs, additions and material shall become and remain the permanent fixtures to the building; *held*, that the provision, being for his benefit, the lessor thereby makes the lessee so far his agent as to entitle laborers and material men who furnish labor or materials in making repairs or additions, under contract with the lessee, to a lien on the leased property for such labor or materials.

2. —— *Materialman's Conduct and Neglect Defeats His Lien*. Where in such case a materialman, having no personal claim against the lessor, enters into an agreement with the lessor to accept his promissory note in lieu of the lien and thereafter, in violation of the agreement, files a statement for a lien based solely upon the note and without any statement of the account; *held*, that by the violation of the agreement the note became invalid for failure of consideration, and by failing to file a statement of the items of the account the lien was lost.

Appeal from Montgomery district court. Opinion filed une 7, 1913. Affirmed.

*W. R. Thurmond, A. W. Farrar, Hoyt A. Poorman,* all of Kansas City, Mo., and *A. B. Clark,* of Independence, for the appellant.

*T. H. Stanford, G. T. Stanford,* and *S. H. Piper,* all of Independence, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellant and the appellee are both duly organized corporations. The appellee, by a written contract, had leased to G. T. Wakefield a certain frame building located upon the premises, in Independence, Kan., upon which the appellant claimed a lien. The building was known as the Band Auditorium. The building was rented for theatrical exhibitions, and the rent was to be paid by a percentage of the gross proceeds accruing from exhibitions, except when the building should be leased for straight rentals, in which case the lessor was to receive a certain other percentage thereof. The lessor also retained the use of the building for every Sunday afternoon during the running of the lease. Two clauses of the lease read as follows:

"All additions, repairs and material used in such repairs or additions shall be made at the expense of the party of the second part, and all repairs and additions and material used shall become and remain the permanent fixtures to said building.

"All the necessary running expenses for maintaining and operating said building shall be borne and paid for by the party of the second part, except insurance and taxes."

Wakefield took possession of the building under the lease and went to appellant's lumber yard and, representing himself as the agent of the appellee, bought a quantity of lumber and materials to make the desired repairs. The appellant charged the amount directly to the appellee. After the repairs had been completed, the building was used by Wakefield for exhibition purposes.

Some dissatisfaction arose between the lessor and

the lessee in regard to the accounting by the lessee for receipts and, under the provisions of another paragraph in the lease, the lessor terminated the agreement and took possession of the building. The parties who had furnished materials for the repairs, the appellant among others, then began to talk of filing liens on the building. An officer of the appellee thereupon went to the appellant and, while disclaiming any liability for the material on the part of his corporation, proposed that if the bill was reduced ten per cent and the appellant would agree not to file a lien he would give the note of the appellee for the reduced amount of the bill. This proposition was accepted and the note was accordingly given. Thereafter the appellant filed a statement for a lien on the property based entirely on the note, without setting out the items of the account, and brought this suit to foreclose the lien and for judgment on the note. The appellee, in answer, pleaded the agreement not to file a lien and alleged that such agreement was the only consideration for the note, and also denied appellant's right to a lien.

The court did not impanel a jury to try all the issues in the case, but submitted to the jury only one question, which, with the answer, is as follows:

"Did the plaintiff Lumber Company agree not to file a lien against the Auditorium if the defendant Band Company gave its note sued on in this case? A. Yes."

The appellant moved for judgment in its favor for the amount prayed for upon the pleadings and evidence, notwithstanding the finding of the jury. This motion was overruled, as was also a motion of the appellant for a new trial, and judgment was rendered in favor of the appellee that appellant recover nothing in the action. The appellant was not entitled to a judgment on the finding of the jury, and the motion therefore was properly overruled. There is no contention that had the note not been given the appellant would have been entitled to a personal judgment against the

appellee. The appellant violated its contract not to file a lien, which appears to have been the consideration for the note, and it is not entitled to a judgment on the note under such circumstances.

The only remaining question, then, is whether the appellant is entitled to a lien on the property on the statement filed. By its violation of the agreement it rendered the note invalid either as the basis for a lien or of a judgment. No statement of the items constituting appellant's claim was filed as a basis for the lien, as required by section 650 of the civil code.

The judgment is affirmed.