Bartholomew v. Fell.

No. 18,696.

C. H. BARTHOLOMEW, *Appellant,* v. W. W. FELL,
*Appellee.*

SYLLABUS BY THE COURT.

1. WRITTEN ORDER—*To Pay Money—Accepted—Delivery Denied
—Burden of Proof.* Action was brought on the following in-
strument:

"LATHAM, KANSAS, December 31, 1910.
Mr. W. W. Fell, please pay to C. H. Bartholomew ($250.00)
Two Hundred and fifty Dollars and oblige.    C. A. BING."
"I except order.    W. W. FELL."

The answer admitted the execution and acceptance of the
order and that plaintiff had it in his possession, but denied
that it was ever delivered, and alleged that it was executed
and intended to be delivered upon certain conditions, which
never happened, and that plaintiff wrongfully obtained pos-
session of it. *Held,* that in the state of the pleadings the
burden was upon the defendant to prove that plaintiff's pos-
session of the instrument was wrongfully acquired, and
therefore the court properly ruled that defendant had the
right to open and close.

2. SAME—*Instructions—Assumption by Court of Prerogative of
Jury.* In the case stated it was error for the court to charge
that the right to recover depended solely upon whether or not
the instrument was executed and accepted upon certain condi-
tions, as it was a question of fact for the jury and not for
the court to determine whether the conditions were fulfilled
upon which the defendant alleged the acceptance of the order
was made.

3. SAME—*Parol Evidence.* Between the original parties to a
written instrument the rule excluding parol evidence in con-
tradiction of a written agreement is not infringed by proof
that the instrument was never delivered, or was delivered to
take effect only upon the happening of some future event.

4. SAME—*Erroneous Instruction—Fail to Define Issues.* Certain
instructions considered and held erroneous for the failure
properly to define the issues.

Appeal from Butler district court; GRANVILLE P.
AIKMAN, judge. Opinion filed April 11, 1914. Re-
versed.

*T. A. Noftzger, George Gardner,* both of Wichita, *T. A. Kramer,* and *George J. Benson,* both of El Dorado, for the appellant.

*C. L. Aikman,* of El Dorado, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff sued the defendant alleging that one C. A. Bing was indebted to him and gave a written order on the defendant directing the defendant to pay the plaintiff the sum of $250; that the order was accepted by the defendant and remained unpaid. The order was as follows:

"LATHAM, KANSAS, December 31, 1910.
Mr. W. W. Fell, please pay to C. H. Bartholomew ($250.00) Two Hundred and fifty Dollars and oblige.
                                          C. A. BING."
"I except order.     W. W. FELL."

The answer admitted the execution of the order and that defendant accepted the same, but denied that the order had ever been delivered, and alleged that at the time the order was accepted the defendant owed Bing nothing; that upon the express understanding that if a certain real-estate transaction went through, and he became indebted to him, he should then pay the amount to the plaintiff, and upon no other condition he accepted the order. It alleged that the real-estate transaction was never completed, and that he never became indebted to Bing, and therefore was not liable to the plaintiff; that at the time of the acceptance of the order the paper was placed in the hands of one Ferguson, to be held by him until the real-estate transaction should be closed; and that after that transaction fell through, the plaintiff, with full knowledge that defendant was not indebted to Bing, and in violation of the agreement, wrongfully obtained possession of the order from Ferguson, and that the order never became of any force or effect. The plaintiff filed a reply denying the aver-

5—92 KAN.

ments of the answer. The jury returned a verdict in favor of the defendant. Judgment was rendered on the verdict, from which the plaintiff has appealed.

When the case came on for trial the court, over the objection of the plaintiff, and on the application of the defendant, held that the burden of proof was on the defendant, and allowed him the right to open and close. It is insisted this was error, but if no evidence had been introduced judgment would necessarily have been given against the defendant. In the state of the pleadings the burden was upon the defendant to prove that plaintiff's possession of the instrument was wrongfully acquired, and therefore the court properly ruled that he had the right to open and close. The court gave the following instructions:

"1. The plaintiff in this case states in substance that on or about the 31st day of December, 1910, one C. A. Bing gave a written order on the defendant W. W. Fell and in favor of the Plaintiff for the sum of $250.00. That after said order was given that the same was accepted by the defendant, and that said sum has not been paid by the defendant and demands judgment of the sum of $250.00, with interest at the rate of 6% per annum from January 1st, 1911.

"2. The defendant for his defense claims that he did sign this written order, but that it was upon conditions that if a certain contract concerning real estate then pending between one Bing and the defendant in this case was consummated, and then he would be indebted to Bing and that he would pay this order to the plaintiff. That if the transaction was not completed between Bing and Fell that he would not be indebted to Bing, and therefore he would not pay it.

"3. You are instructed that the burden is on the defendant in this case to establish by a preponderance of the evidence that the acceptance of this order was upon these conditions that I have enumerated in the instructions, and you are instructed that if you find from a preponderance of the evidence that it was signed by him upon these conditions and under that agreement, that then and in that case, the plaintiff can not recover in this suit, and your verdict in such event must be for the defendant."

The evidence showed that the contract in the transaction between the defendant and Bing was in writing. It was not produced or put in evidence, and yet the court decided as a question of fact that defendant never became indebted to Bing, leaving to the jury the sole question whether the order sued upon was accepted by the defendant upon the conditions claimed in the answer. The evidence showed that the real estate which the defendant was to purchase from Bing had been delivered to him and he was living upon it. The mere fact that he had not received a conveyance would not be conclusive on the question whether he owed the purchase price or not. If the contract had been produced it would have been the province of the court to construe its terms and submit to the jury the question of fact. But as we have seen, the court, without an examination of the contract, decided that inasmuch as title to the real estate had not passed the defendant never became indebted to Bing and was not liable upon the accepted order. Upon defendant's own theory as shown by the answer the question whether the transaction was so far consummated that he became indebted to Bing was one of fact for the jury and not for the court to determine.

The plaintiff insists that the evidence offered by the defendant violates the rule that parol testimony is not admissible to contradict a written instrument. We do not understand that the evidence was offered for the purpose of contradicting the instrument itself, but only for the purpose of showing that it was not in fact delivered, and, therefore, never became a binding contract.

"The rule excluding parol evidence in contradiction of written agreement presupposes the existence of such an agreement. Consequently, between the immediate parties to the instrument, the rule is not infringed by proof of the want of due execution of the instrument by reason of the fact that it was never delivered, or was

delivered to take effect only upon the happening of some future event, and not so as to become a binding contract between the parties." (4 A. & E. Encycl. of L. 151.)

In *McFarland v. Sikes,* 54 Conn. 250, 1 Am. St. Rep. 111, it was held that such parol evidence does not contradict the instrument or seek to vary its terms, but merely goes to the point of its nondelivery. It was said in the opinion:

"The note in its terms is precisely what both the maker and the payee intended it to be. No one desires to vary its terms or to contradict them." (p. 252.)

The general rule is that parol evidence is admissible to establish a fact collateral to a written instrument which would control its effect and operation as a binding engagement.

The same question was before the supreme court of the United States in a case involving a negotiable promissory note, and it was held that as between the original parties to the note where the issue was whether the delivery was conditional parol evidence was admissible to show that fact, and that the admission of such evidence does not in any true sense contradict the terms of the writing nor vary their legal import. There it was claimed that the note was delivered to the payee with the understanding that it "was not, except in a named contingency, to become a contract, or a promissory note which the payee could at any time rightfully transfer." (*Burke v. Dulaney,* 153 U. S. 228, 234.) It was said in the opinion:

"The rule that excludes parol evidence in contradiction of a written agreement presupposes the existence in fact of such agreement at the time suit is brought. But the rule has no application if the writing was not delivered as a present contract."

The same rule was applied in *Reynolds v. Robinson et al.,* 110 N. Y. 654, 18 N. E. 127, but in the opinion the court used this language:

"It is perhaps needless to say that such a defense is subject to suspicion, and that the rule stated should

Bartholomew v. Fell.

be cautiously applied to avoid mistake or imposition, and confined strictly to cases clearly within its reason." (p. 655.)

In *Wilson v. Powers*, 131 Mass. 539, it was held that even if nothing were said at the time of the actual delivery it was a question for the jury whether such delivery did not take place under and in pursuance of the previous agreement, and that a conditional delivery might be shown from all the circumstances surrounding the entire transaction.

The court should have submitted to the jury the question whether the instrument was in fact delivered to the plaintiff or was merely placed in escrow, and also the question whether or not possession of the writing was wrongfully obtained by the plaintiff; and the jury should have been charged that if they found these issues in favor of the defendant they should then find from the evidence whether in fact the defendant became indebted to Bing.

The defendant makes the contention that the abstract does not set forth the instructions in full nor correctly state those that are shown. We have no hesitation in concluding that the defendant's contention is wrong in this respect, and that the instructions are fully and correctly stated. In substance, they state the precise views expressed by the court on the trial of the case. Because of their failure to properly define the issues it follows that the judgment will be reversed and a new trial ordered.