No. 20,493.

W. L. Goutermont, *Appellant*, v. D. O. Bland et al. (C. I. Sparks, *Appellee*).

### SYLLABUS BY THE COURT.

Promissory Note—*Signed by Surety Conditionally—Condition Not Performed—Surety Released.* In an action on a promissory note by the payee against a surety, it is proper to admit evidence to show that the signature of the surety was obtained by the principal on condition that the principal, before the note was delivered to the payee, would give to the payee a chattel mortgage on certain specified personal property to secure the payment of the note, where the condition was not performed and there is evidence to show that the payee had knowledge of the condition at the time the note was delivered to him by the principal.

Appeal from Sherman district court; William S. Langmade, judge *pro tem.* Opinion filed January 6, 1917. Affirmed.

*C. A. Spencer,* of Oakley, for the appellant.

*E. F. Murphy,* of Goodland, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The plaintiff brought this action on three promissory notes given to him by the defendants. Defendant Sparks, in his answer, admitted the execution and delivery of the notes, but said that he signed them as surety only, and on the oral agreement between plaintiff Goutermont and defendant Bland and Sparks, that to secure the payment of the notes the plaintiff would take a chattel mortgage, signed by defendant Bland, on a certain printing plant; and further

said that the plaintiff failed to take the chattel mortgage, and that by reason of such failure defendant Sparks was released from all liability on the notes. Judgment was rendered for defendant Sparks. The plaintiff appeals.

On the trial, evidence was introduced tending to prove that prior to signing the notes defendant Bland had agreed with the plaintiff to give him a chattel mortgage on the printing plant for the purchase price of which the notes had been given in part payment; that defendant Bland had told defendant Sparks of this agreement to give a chattel mortgage; that Bland agreed with Sparks to give the plaintiff such chattel mortgage; that thereupon Sparks signed the notes, but with the understanding and agreement with Bland that the notes should not be delivered to the plaintiff until the chattel mortgage had been given and properly filed and recorded; that Bland told the plaintiff of this understanding and agreement with Sparks before the notes were delivered to the plaintiff; and that the chattel mortgage was not given.

The plaintiff complains of the introduction of this evidence, and argues that it contradicted, altered, added to and varied the express promise to pay, set out in the notes.

Sparks could not be held liable as surety on the notes if his signature thereto was obtained on condition that Bland would execute a chattel mortgage to Goutermont to secure the payment of the notes, and on the further condition that they were not to be delivered until the chattel mortgage had been given; and if, notwithstanding these conditions, and without the chattel mortgage having been given, the notes were delivered after Goutermont had learned from Bland that the notes were not to be delivered until the chattel mortgage had been given. In *Bartholomew v. Fell*, 92 Kan. 64, 139 Pac. 1016, this court said:

"Between the original parties to a written instrument the rule excluding parol evidence in contradiction of a written agreement is not infringed by proof that the instrument was never delivered, or was delivered to take effect only upon the happening of some future event." (Syl. ¶ 3.)

(See, also, *Burke v. Dulaney*, 153 U. S. 228, 234; *Myers v. Fry*, 18 Ill. App. 74; *Hardwick Savings Bank v. Drenan*, 71 Vt. 289; 27 A. & E. Encycl. of L. 445; 32 Cyc. 44, 48, 174).

It was proper to introduce evidence to show that the signature of Sparks was obtained to the note on the condition named.

The suggestion is made that Sparks had no interest in Goutermont's taking the chattel mortgage. This is urged by way of argument to show that parol evidence was incompetent. The answer to that argument is that on the payment of the notes by Sparks, he would have been subrogated to the rights of the plaintiff under the chattel mortgage, had one been given. (Note, 68 L. R. A. 513, 520, 528, 534; 37 Cyc. 402.)

The judgment is affirmed.