No. 20,534.

A. J. RICE, *Appellant*, v. L. H. RICE and CLARA RICE, *Appellees*.

SYLLABUS BY THE COURT.

1. NOTE AND MORTGAGE—*Oral Evidence—Competent to Show Extent of Maker's Liability Thereon*. Although the terms of a written obligation, assumed to be valid, can not be varied by parol, it may be shown by parol what caused the party thus to obligate himself, and thereby test the question whether he is legally bound, as the writing imports, or whether he is by any cause wholly or partially freed from liability thereon.

2. SAME—*Foreclosure—Accommodation Paper—Want of Consideration—Parol Evidence Competent*. In a foreclosure suit between the immediate parties to the note and mortgage parol evidence is always admissible to show a failure of consideration or that the note and mortgage were given merely as accommodation to the payee.

3. SAME—*Deed Intended as Gift—Note and Mortgage Without Consideration—Evidence Supports Findings*. The evidence examined, and held sufficient to support findings to the effect that a warranty deed from plaintiff to his nephew, one of the defendants, conveying certain real estate, was intended by the plaintiff as a voluntary gift, and that a note and mortgage executed to him at the same time by the nephew for the amount stated as consideration for the deed were given without consideration and intended as an accommodation to the payee.

Appeal from Graham district court; CHARLES W. SMITH, judge. Opinion filed June 9, 1917. Affirmed.

*W. L. Sayers*, of Hill City, and *Z. C. Millikin*, of Salina, for the appellant.

*F. D. Turck*, of Hill City, *C. W. Burch*, *B. I. Litowich*, and *La Rue Royce*, all of Salina, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The plaintiff is the uncle of defendant, L. H. Rice, and brought this suit to foreclose a mortgage on residence property in Hill City occupied by L. H. Rice and wife.

The note for $6500 and the mortgage were executed February 4, 1908, signed by L. H. Rice a day or two before his marriage. The answer alleges that on that date the property, which was then owned by the plaintiff, was conveyed by warranty deed to L. H. Rice as a voluntary gift, and at the same time and at the plaintiff's request the note and mortgage were executed, but without any consideration, and merely for the accommodation of the plaintiff, who stated that he was a heavy borrower of banks and others, and desired the note and mortgage so he could use them as collateral to loans he might make in the future, and that his nephew would never be called upon to pay the note, and that the mortgage should never be enforced against the property. L. H. Rice further alleges in his answer that he had full confidence in his uncle and executed the note and mortgage in reliance upon these representations. The court found for the defendants on the facts, and gave judgment against the plaintiff, who appeals.

The court made the following findings of fact:

"In 1906 the plaintiff was a resident of Hill City, Graham County, Kansas. He was then and now is a bachelor. He has no living relatives in this county excepting the defendant, and had no relative living here at the time of the transactions involved in this suit, other than defendant. Defendant is a nephew of plaintiff. In 1906 defendant came to this county and soon afterwards he entered the employ of plaintiff. At that time the plaintiff was the owner of about 100 quarter sections of land in Graham and Rooks, and about twenty quarter sections in Atchison County. He also owned the lots in question in this suit, being lots 7 and 8 in Hill city. This property was largely free from encumbrance. The business of plaintiff at this time was extensive and required constant supervision. In this state of plaintiff's business the defendant entered the plaintiff's employ at a compensation of $2.75 per day. He assisted the plaintiff in all ways in looking after his business and property. Sometime after entering the plaintiff's employ, plaintiff became a large owner of a telephone system and defendant was put in charge of it. In 1908 plaintiff was informed of the prospective marriage of defendant with one Miss Clara Law, of good family, who lived about twelve miles south of Hill City. Miss Law was the owner of some land lying in her neighborhood, where she and her husband-to-be had planned

to make their home. Wishing to retain the defendant in his employ and to have defendant do his work from Hill City as his headquarters, and also desiring to make a home for his nephew and his wife and also for himself in the future in his declining years, plaintiff proposed to build a house on the lots in suit and give it and the land on which it was to be built to the defendant. The defendant agreed to accept such gift and to furnish a room in the proposed house for the use of plaintiff. The house has been built and occupied by defendant and plaintiff and his wife ever since. The defendant and Clara Law were married on February 5, 1908. The day before their marriage, defendant and plaintiff went to the office of one W. H. Hill, a notary public of this county, residing in Hill City, and had him prepare a warranty deed of the lots in suit for himself as grantor to defendant as grantee. At the same time a mortgage was made by defendant to plaintiff covering the same lots. The express consideration of both the deed and mortgage was $6500.00, but no real consideration was given for it. This deed was delivered to defendant by plaintiff about the day of the wedding. It was kept by defendant for a short time and afterwards was delivered into the possession of plaintiff for safe keeping. When the mortgage was made it was retained by plaintiff. At the time of ' delivery of the mortgage it was agreed and understood between and by both the plaintiff and defendant that the mortgage was to be used only for the accommodation of plaintiff in case he so desired to use it but otherwise was not to become of any force or effect as a lien upon the lots in the suit. It .was not so used, but has been kept in the possession of plaintiff at all times since. This mortgage was made to fall due five years after date without interest. Neither the deed nor the mortgage have been recorded in the office of the register of deeds, nor has the mortgage at any time been returned by plaintiff to the assessor for taxation.

"At the time of the making of the deed and the mortgage a first mortgage rested on the lots in suit and on three quarter sections of land worth about the face value of such mortgage, and the lots themselves with their improvements were worth about $3500.00. After the making and delivery of the deed and the mortgage, some additional improvements, which have increased its value to about $4000.00. At the time plaintiff decided to make a gift of the property to defendant the house had not been begun and the value of the property then did not exceed the sum of $1000.00. Plaintiff gave possession of the property to defendant when the house was sufficiently finished for living in, intending that he should have it as his own, and defendant took possession of it and has ever since occupied it as his own, and plaintiff has made his home with defendant as a member of his family. Plaintiff has, since the house was built and occupied, put some other improvements on the lots, but he has done so voluntarily and for the benefit of the defendant. He has also paid some taxes assessed against the land, but he has done so voluntarily and for the benefit of the defendant and has been paid the greater part of such advances. The property in suit was given to

Rice v. Rice.

defendant by plaintiff as a free and voluntary gift. Its possession was taken by defendant and accepted as such gift. The mortgage was given without consideration having been given for it by plaintiff. It was given by defendant and accepted by plaintiff for the latter's accommodation and not to hold it as a lien upon the lots; and with the understanding and agreement between them that it should never become a lien upon the lots and that payment of it should never be exacted from defendant by plaintiff."

The findings are sustained by sufficient evidence. The defendants' claims in regard to the execution of the instruments are borne out by the circumstances set forth in the findings as to the relationship of the parties, and the business and friendly relations which existed between them at the time the instruments were executed and which continued for years afterwards.

The first contention is that the execution of the note and mortgage and of the deed are one transaction. This may be conceded; the answer alleges that they were both executed at the same time and place. They are to be considered as one transaction so as to give force and effect to both when it can be reasonably done. But the application of this doctrine does not prevent either party from proving the facts as to the actual consideration for either or both instruments. The plaintiff was competent to make a voluntary gift of the property to his nephew. He might have made a voluntary gift to his nephew of $5000 in government bonds, and at the same time and place he might have made an arrangement by which he borrowed the bonds from his nephew to use as collateral security with the understanding that he would return them to the nephew. In a sense the giving and the borrowing would be all one transaction. The possession of the bonds would be *prima facie* evidence that the uncle continued to own them, but the nephew might be able to establish by competent evidence the facts showing that the bonds belonged to him.

It is contended that the court erred in admitting parol evidence varying the terms of the note and mortgage. The evidence, however, was not offered for that purpose. The defendants concede that the instruments are precisely what the maker and the payee intended them to be—a note and mortgage, which in the hands of a holder in due course would be enforceable against the maker and against the property

described in the mortgage. This is a suit between the original parties, and as said in *Bartholomew v. Fell,* 92 Kan. 64, 139 Pac. 1016:

"Between the original parties to a written instrument the rule excluding parol evidence in contradiction of a written agreement is not infringed by proof that. the instrument was never delivered, or was delivered to take effect only upon the happening of some future event." (Syl. ¶ 3.)

"The objection to parol evidence does not apply where it is offered not for the purpose of contradicting or varying the effect of a written contract of admitted authority, but to disprove the legal existence or rebut the operation of the instrument, and in order to determine the validity of the writing the true character of the transaction may always be shown." (17 Cyc. 694.)

"The rule which prohibits the introduction of parol evidence to vary a written instrument has no application when the legal existence or binding force of the instrument is in question." (*Webster v. Smith,* 72 Vt. 12, 13.)

A case in point is *Campbell v. Davis et al.,* 94 Miss. 164. The parol evidence went to show that the actual consideration was $200, but that at the payee's request the amount was stated as $700 in order that the payee might use the paper as collateral. The court held that this does not violate the rule against parol evidence to vary a writing, but is merely showing the real consideration for the note. In the opinion it was said:

"This brings the case squarely within the well-established rule thus admirably stated by Judge Campbell: 'The terms of an obligation, assumed to be valid, can not be varied by parol; but it may be shown by parol what caused the party to thus oblige himself. That consists with the written obligation, and does not vary it. The right to show the real consideration is a qualification of the general rule of the admissibility of parol evidence to alter the terms of a written contract, and is as well established as the rule itself. What I bind myself by writing to do can not be varied by parol; but I may always show by parol what induced me to thus bind myself, and thereby test the question whether I was legally bound, as the writing imports, or whether I have been by any cause wholly or partially freed from my obligation.' *Cocke v. Blackbourn,* 57 Miss. 689." (p. 167.)

The negotiable-instruments law (Gen. Stat. 1915, § 6543) authorizes the testimony of which the plaintiff complains. It reads:

"As between immediate parties, and as regards a remote party other than a holder in due course, . . . the delivery may be shown to have

Rice v. Rice.

been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument."

The finding of the court that at the time of the delivery of the mortgage it was understood and agreed between the parties that the mortgage was to be used only for the accommodation of plaintiff in case he so desired, but otherwise was not to become of any force or effect as a lien upon the property, that it had not been so used but remained in the possession of the plaintiff at all times since, is a finding of the facts which brings the case within the section of the statute just quoted.

It is contended there was error in admitting the testimony of Mrs. Law, mother of Mrs. Rice, to the effect that L. H. Rice told her that the plaintiff had given the property to him. There was other competent evidence fully sustaining the court's findings of the facts with reference to the gift of the property, so that in any event the admission of the evidence can not be regarded as reversible error. The trial was by the court, and the court ruled that the evidence would be considered only in connection with the testimony of L. H. Rice, that the plaintiff directed him to make this communication to Mrs. Law, and the evidence tended to show that L. H. Rice was the agent of the plaintiff for the purpose of making the statement.

The findings sustain the conclusions of law by which the judgment barred the plaintiff from all interest in the property and denied his right to maintain the action upon the note and mortgage.

The judgment is affirmed.

DAWSON, J., not sitting.