No. 22,413.

L. S. NAFTZGER, *Appellee*, v. H. J. BUSER and C. J. CARNEY,
Partners, etc., *Appellants*.

SYLLABUS BY THE COURT.

WRITTEN CONTRACT—*Payment of Money—Parol Evidence Inadmissible.*
The terms of a written instrument considered, and *held* to express an
absolute obligation to pay money within a reasonable time implied by
law. *Held further*, the terms of the instrument could not be contra-
dicted by parol evidence to the effect that the obligation was con-
ditional.

Appeal from Sedgwick district court, division No. 2; THORN-
TON W. SARGENT, judge. Opinion filed January 10, 1920. Af-
firmed.

*William Keith,* and *W. D. Jochems*, both of Wichita, for the
appellants.

*S. B. Amidon, D. M. Dale, S. A. Buckland, H. W. Hart,* and
*Glenn Porter*, all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover the sum of money
stated in a written instrument containing the defendants'
promise to pay. The plaintiff recovered, and the defendants
appeal.

The instrument sued on reads as follows:

"WICHITA, KANSAS, October 25, 1917.

"The following note is given to cover balance of payment on 112,000
shares of stock in the Wichita Independent Consolidated Companies at
fifteen cents per share, and is to be paid as the stock is resold by Buser
& Carney.

"On demand we promise to pay L. S. Naftzger, his heirs or assigns,
fifteen thousand eight hundred dollars ($15,800), without interest, pay-
ments to be made from time to time as the stock is resold, the stock
being held in escrow in our office pending sale by us.

"[Signed]    BUSER & CARNEY,

"H. J. BUSER."

The petition set forth facts showing maturity of the instru-
ment by expiration of a reasonable time in which to sell the
stock. The answers were general denials. At the trial the

only question of importance was whether or not the instrument was in fact what it purported to be. The defendants contended the instrument was a mere memorandum and receipt "to cover the terms of an oral agreement" to the effect that in consideration of the purchase from the plaintiff of part of the shares and payment of $1,000 therefor by the defendants, the plaintiff granted the defendants an option to sell the remainder of the shares on a brokerage basis which would net the plaintiff fifteen cents per share and allow the defendants a commission; and that the stock was delivered to the defendants on "the express understanding and agreement" that the defendants were not to be liable to the plaintiff for the money mentioned in the instrument, except on the happening of a contingency, namely, a sale of the stock at a price of fifteen cents or better per share. Evidence to sustain this contention was offered and rejected, and permission to amend the answers to present the contention was refused. The defendants having made admissions in their testimony sufficient to show maturity of the paper, the court took the case from the jury and rendered judgment for the plaintiff.

The instrument expresses an obligation to pay which is not itself conditional or contingent. Time of payment alone is uncertain, and the law in such cases supports instead of defeats the obligation, by implying a reasonable time. With time of payment thus fixed, the instrument is definite and complete, and discloses an absolute liability which could not be defeated by parol evidence of conditional liability. The cases in which written obligations were not permitted to be whittled down, or overthrown, or converted into something else, by parol evidence of contradictory agreements between the parties, are so numerous that citation is not necessary.

The defendants say the writing is ambiguous, and consequently parol evidence was receivable to remove the ambiguity. The opinion in the case of *Greenstreet v. Cheatum,* 99 Kan. 290, 161 Pac. 596, is quoted as follows:

"The intention of the parties as evidenced by their agreement and the attending circumstances must determine whether the debt is contingent or absolute." (p. 292.)

In the case of *Railway Co. v. Truskett,* 67 Kan. 26, 34, 72 Pac. 562, this court observed that mere assertion by a party

to a written contract that uncertainties and ambiguities exist in it, will serve no purpose when, by perusal of the writing, the court can find no equivocal language employed. There is no uncertainty in the instrument sued on, except that already considered. The quotation, however, may be accepted as pat. The agreement referred to is the written agreement, when the parties have reduced their negotiations to writing, and attending circumstances do not embrace oral stipulations which would nullify the written terms, instead of elucidate their meaning.

In this instance there was evidence of attending circumstances of the kind contemplated by the quotation. The stock was owned by Naftzger. Buser and Naftzger had a conversation relating to the subject of the contract at Naftzger's bank in Wichita. Buser left the bank, went to his own office two blocks away, had the instrument prepared, and signed it. He returned to the bank, had a conversation with Naftzger, delivered the signed instrument to Naftzger, received the stock, and took it away with him. At that time there was a market for the stock. Naftzger could have sold it to others, but Buser, who already owned 4,000,000 shares, wanted to keep it off the market and boost the price to thirty cents per share.

The defendants cite the case of *Bartholomew v. Fell*, 92 Kan. 64, 139 Pac. 1016, in which parol evidence was offered, not to contradict the instrument, but to show that, although delivered, it was not to take effect except on the happening of a future event. The defendants also cite the case of *Burke v. Dulaney*, 153 U. S. 228, involving conditional delivery, and other cases of like tenor. A clear distinction results from these facts: In the cited cases the parol evidence tended to prove that, while the form of a written contract existed, no engagement was in fact ever concluded entitling the person claiming the benefit of the instrument to enforce its stipulations. In the present case there is no dispute that a binding contract was made, which took effect when Buser delivered the signed instrument to Naftzger and walked away with the stock. The dispute relates to what the agreement was. The parties have made a written memorial of it, and proof of conversation which would impeach the writing is not admissible.

The judgment of the district court is affirmed.