Schlotthauer v. Greenfield.

---

No. 23,557.

WILLIAM SCHLOTTHAUER, *Appellee,* v. E. J. GREENFIELD, *Appellant*

SYLLABUS BY THE COURT.

CANCELLATION OF OIL AND GAS LEASE—*Oral Agreement—Conditions Not Performed.* The proceedings in an action to cancel an oil and gas lease considered, and *held,* evidence was properly introduced of an oral agreement that the instrument should not become effective as a binding engagement except on condition which was not performed.

Appeal from Marion district court; ROSWELL L. KING, judge. Opinion filed March 11, 1922. Affirmed.

*H. C. Castor,* of Wichita, and *K. W. Shartel,* of Des Moines, Iowa, for the appellant.

*S. Burkholder,* and *W. H. Carpenter,* both of Marion, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to cancel an oil and gas lease. Judgment was rendered in favor of the plaintiff, and the defendant appeals.

The lease was dated July 2, 1919, recited a consideration of one dollar, and granted the plaintiff's farm to the defendant for the sole purpose of operating for and producing oil and gas for the term of five years, and as much longer as mineral was produced. The lease contained the following provision:

"If no well be commenced on said land on or before the 2d day of July, 1920, this lease shall terminate as to both parties, unless the lessee, on or before that date, shall pay or tender to the lessor, or to the lessor's credit in

the State Bank of Commerce bank at Marion, or its successors which shall continue as the depository regardless of changes in the ownership of said land, the sum of One Hundred and Sixty Dollars, which sum shall operate as a rental and cover the privilege of deferring the commencement of a well for twelve months from said date. In like manner and upon like payments or tenders the commencement of a well may be further deferred for like periods of the same number of months successively."

The instrument contained no provision which obligated the defendant either to drill or to pay rent. The defendant was endeavoring to secure a block of leases in the neighborhood of the plaintiff's farm, desired that the lease be given him free of charge, and the recited money consideration was not paid. The plaintiff desired development, and an oral agreement was made to this effect: The executed lease was to be placed in a bank at Marion, to be held by the bank for ninety days; if the defendant did not begin drilling on the plaintiff's land, or on some part of the block, within ninety days, the lease was to be returned to the plaintiff; if the defendant did begin drilling within ninety days, the lease was to belong to him. The plaintiff gave the instrument to the defendant to be taken to town to the bank, on these terms. The defendant took the lease to the bank, but said nothing about the escrow agreement, and left the instrument with the bank as his own, for safekeeping. No well was drilled within ninety days, or afterward. After the ninety-day period expired, the plaintiff made demand on the bank for return of the lease, and the demand was refused. In June, 1920, the defendant tendered to the bank for the plaintiff the sum of $160, and the tender was refused.

The defendant says evidence of the parol agreement was inadmissible, and cites the authorities relating to merger of negotiations in the contractual writing concluding them, and contradiction of such a writing by parol evidence. Those authorities have no application. The lease did not acquire the character of written evidence of negotiations concluded by contract. The plaintiff imposed the condition, assented to by the defendant, that the lease should not become operative as a binding engagement unless the defendant drilled an oil well in a certain locality within ninety days. Meanwhile, the instrument was to repose in neutral custody, to be delivered according to the future event. In strictness, the plaintiff gave the defendant an option to acquire a lease by drilling a well within ninety days; but the subject is usually discussed as belonging in the category of conditional execution. (*Bartholomew*

*v. Fell,* 92 Kan. 64, 139 Pac. 1016; *Goutermont v. Bland,* 99 Kan. 431, 162 Pac. 270; *Rice v. Rice,* 101 Kan. 20, 165 Pac. 799; *Miller v. Buss,* 103 Kan. 338, 173 Pac. 975. See, also, *Naftzger v. Buser,* 106 Kan. 115, 117, 186 Pac. 997; *Underwood v. Viles,* 106 Kan. 287, 289, 187 Pac. 881.)

The defendant cites the authorities to the effect that a grantor may not deliver a deed to the grantee in escrow. Those authorities have no application. The defendant was not made depositary, and in taking the lease to the bank he virtually performed the function of the rural free delivery mail service.

The judgment of the district court is affirmed.

### MEMORANDUM.

The questions presented in cases No. 23,558, *Linnens v. Greenfield,* No. 23,560, *Gloistehn v. Greenfield,* No. 23,561, *Hilsenbeck v. Greenfield,* are similar to the questions presented in the case just decided, and the judgments in those cases are affirmed.