No. 28,953.

THE HUDSON STATE BANK, *Appellee*, v. S. H. HAILE et al., *Appellants*.

(286 Pac. 228.)

Opinion filed April 5, 1930.

*C. M. Williams* and *Frank U. Russell,* both of Hutchinson, for the appellants.

*Robert Garvin* and *Evart Garvin,* both of St. John, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The plaintiff in this action is a bank which sues the defendants, husband and wife, on two promissory notes made payable to the bank, on each of which one or more payments have been made. The defendants answer admitting the execution of the notes, but allege they were given without any consideration and with the distinct understanding and agreement that they were to be paid from the profits of a joint venture in which they were to enter with the bank, namely, the handling of a stock of groceries, and if there were no profits in the venture or business the notes were not to be paid, and that there were no profits in the enterprise which had entirely failed before the commencement of the action. To this answer the plaintiff filed a demurrer on the ground that it failed to state facts sufficient to constitute a defense to the action, and from the ruling of the trial court sustaining this demurrer the defendants appeal.

The theory of the defendants as to the nature and character of this defense is expressed in their brief as follows:

"The defendants sought to defend against the note upon the agreement that it was to be paid out of profits of the business belonging to both the plaintiff and defendants—that if there were no profits in the business, then said note was not to be paid, and as there were no profits in the business but rather a loss, the note was without consideration."

The demurrer was urged and sustained on two grounds, viz., that the agreement set up in the answer was *ultra vires,* and that it was an attempt to alter and vary the terms of the notes by an oral agreement.

The answer did not state that the agreement therein outlined and alleged was oral, but the briefs on both sides treat it as such in this court and indicate that it was so regarded in the argument on the demurrer in the trial court.

Appellants do not contend against the general rule that the unconditional promise in writing to pay a certain sum of money cannot be defeated by parol evidence of a contemporaneous oral agreement contradicting or varying the terms of the written instrument, but that parol evidence is admissible to establish a fact collateral to a written instrument, which would control its effect and operation as a binding engagement, as was said in *Bartholomew v. Fell,* 92 Kan. 64, 68, 139 Pac. 1016. In that case the written obligation was delivered to take effect only upon the happening of some future event. In the case at bar there was no reservation or restriction as to delivery; the delivery was complete and four payments were made on the notes; the only condition suggested by the answer had reference to the payment of the notes, viz., that they were not to be paid except from the profits of the business.

The facts in this case are quite different from those in *Lumber Co. v. Band Co.,* 89 Kan. 788, 132 Pac. 992, where defendant gave his note to the lumber company for lumber ordered and used on his property by his tenant upon the express condition that no lien should be filed, and the maker of the note was permitted to show a breach of the contract under which the note was given.

It is strongly urged by appellants that the notes in this case were without consideration because of the contingency under which they were to become enforceable, and that the condition on which liability depended had not occurred, citing *Miller v. Buss,* 103 Kan. 338, 173 Pac. 975; *Garrison v. Marshall,* 117 Kan. 722, 233 Pac. 119, and other cases in support of these views. In the latter case the

note was defeated and held to have been given without consideration because of a written contract of release of the debtor from all obligation when he surrendered all of his property, but the evidence of an oral contemporaneous agreement made after the complete settlement when he gave the note for deficiency was held inadmissible.

The case of *Miller v. Buss*, supra, forcibly distinguishes between the impeachment of the certainty of the obligation to pay the note and the conditional execution thereof, where the evidence showed that the note was to take effect on condition that a certain tract of land be sold, which was not sold.

We find nothing in the allegations of the answer in this case making the execution or delivery of the notes conditional; the condition in the answer has reference only to the liability and obligation thereunder or, in the language used in the syllabus in the case of *Miller v. Buss*, supra, it tends to impeach the certainty of the obligation, which cannot be done by a parol contemporaneous agreement. In connection with the ruling in the case of *Stevens v. Inch*, 98 Kan. 306, 158 Pac. 43, to the effect that a note was not impeachable by a contradictory oral agreement, it was said in the opinion:

"The books teem with cases involving oral promises that notes need not be paid, or are mere memoranda, or will be surrendered without satisfaction, or may be paid out of the profits of a business venture if successful, and need not be paid otherwise. In all such cases the promise is made to induce the maker to sign the note, and if the promise be not kept it works a fraud. The theory of the law is that more fraud would result if all notes were open to qualification and contradiction by parol evidence than if the door were closed and locked against such evidence." (p. 308.)

There are a number of cases in Kansas where defenses of the same nature were made as that in this case to the effect that the payments were conditional upon the money being obtained from the profits of the business, and such answers have quite uniformly been held as not constituting sufficient defenses when based upon oral agreements. In the case of *Hangen v. Pingston*, 110 Kan. 463, 204 Pac. 675, it was said:

". . . that a promissory note in the usual form cannot be contradicted by evidence of an oral agreement that it was to be paid only out of the profits of a certain business carried on by the payee." (Syl. ¶ 1. See, also, *Underwood v. Viles*, 106 Kan. 287, 187 Pac. 881; *Macksville State Bank v. Ehrlich*, 119 Kan. 796, 241 Pac. 462.)

It is insisted that R. S. 52-305 makes absence or failure of consideration a good defense to a negotiable instrument in the hands of

the payee, and therefore the demurrer in this case should not have been sustained when such was pleaded, but it was pleaded only in connection with the accompanying facts which limited that defense to the circumstances alleged of liability only for payment out of the profits of the grocery business.

Holding, as we do under the authorities and precedents, that the defense is directed toward the impeachment of the obligation of the notes in question rather than imposing a condition in connection with the execution or delivery of the notes, and as such does not constitute a defense to the written instrument, it becomes unnecessary to consider the other ground on which the demurrer to the answer was sustained.

The judgment is affirmed.