No. 29,933.

THE CONTINENTAL SUPPLY COMPANY, *Appellee,* v. E. H. MORGAN, *Appellant.*

(298 Pac. 790.)

Opinion filed May 9, 1931.

*C. M. Williams, D. C. Martindell* and *W. D. P. Carey,* all of Hutchinson, for the appellant.

*J. B. McKay,* of El Dorado, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action on a written promise to pay money. Defendant answered setting up that plaintiff made certain oral promises at the time the writing was signed. Plaintiff demurred to the answer of defendant. The demurrer was sustained and judgment was for plaintiff. Defendant appeals.

Suit was brought on an instrument as follows:

"Whereas, the said party of the first part (E. H. Morgan) has heretofore been adjudged a bankrupt and was at the time of said adjudication indebted to said party of the second part on two promissory notes, and

"Whereas, the party of the first part desires to pay said notes less whatever sum is realized thereon by the party of the second part from the estate of E. H. Morgan, bankrupt, and less any profit the party of the second part may realize from any of the assets of said estate which it may purchase and resell.

"It is therefore agreed, by the parties hereto, that the said party of the first part is indebted to said party of the second part in the sum of thirty-six thousand six hundred thirty-one dollars and thirteen cents ($36 631.13) which indebtedness shall bear interest from this date until paid at the rate of six per cent per annum, and the party of the first part agrees to pay said sum and interest, less whatever amounts said party of the second part may receive thereon from the estate of E. H. Morgan, bankrupt, and less any profit which the said party of the second part may realize from any of the assets of said estate, which it may purchase and resell."

(Signed by both parties.)

Appellant answered admitting the execution of the above instru-

ment. He alleged that at the time of the execution of the instrument sued on he and the agents of appellee's assignor discussed the matter of making the assets of appellant sell at near their approximate value. He alleged that as a part of the consideration for the execution of the instrument there was a parol agreement that the Atlas Supply Company would attend the sale and if necessary bid the assets in and then resell them and apply any profits that might be obtained on the payment of the instrument. He alleged further that the Atlas Supply Company, the assignor of the appellee, promised that it would extend $10,000 credit to him to enable him to carry on his business. The answer alleged further that the Atlas Supply Company failed to carry out these promises, and that as a matter of fact his assets did sell for much less than they were actually worth.

A demurrer to this answer was sustained. Judgment was rendered for the plaintiff on the pleadings. The theory of appellee is that in order to sustain the allegations of the answer it would be necessary to admit evidence to contradict the plain terms of a written instrument.

The appellant, on the other hand, urges that proof of the answer would not have the effect of evading the terms of a written instrument, but would simply be an effort to show that the written instrument sued on was only executed and delivered upon certain conditions, and that when these conditions were not performed the contract was not enforceable.

Appellant presses upon our attention some of our own precedents like *Miller v. Buss,* 103 Kan. 338, 173 Pac. 975; *Lumber Co. v. Band Co.,* 89 Kan. 788, 132 Pac. 992; *Schlotthauer v. Greenfield,* 110 Kan. 701, 205 Pac. 623, and many others. The theory upon which those cases turned, while it is discussed as belonging in the category of conditional execution, is really that there was a failure of consideration on the part of the person seeking to enforce the instrument. This court has held that the moral obligation to pay a debt was sufficient consideration to support a promise to pay a debt, where the one making the promise to pay would otherwise be discharged from his liability on account of bankruptcy proceedings. (*Robinson v. Jacobia,* 115 Kan. 36, 221 Pac. 36.) Hence the moral obligation to pay the debt is the consideration for the contract in this case.

The parol promise that is pleaded in the answer is a limitation on the liability of the promisor on the contract. It goes to the very

heart of what is promised. What appellant contends for is that even though he made an absolute promise to pay a fixed sum of money, still he should be permitted to show that there was a limitation put upon this instrument by means of a parol agreement entered into at the same time. In effect, that the writing does not mean what it says, but really means a promise on his part to pay a much less amount of money contingent upon the promisee doing something not mentioned in the writing. The writing mentions that appellant will be given credit upon his debt for what profit appellee is able to make out of assets of appellant, which it should buy at the bankruptcy sale. It did not bind it to attend the sale or buy any of the assets at all. The latter obligation is the one which appellant pleaded in his answer, the violation of which he urges affords him a defense to his promise to pay money. This is clearly an attempt to vary and add to the terms of a written instrument by means of a parol contract. This court has held that this could not be done. The general rule of law is that where parties have carried on negotiations and have later entered into a written agreement on the subject matter covered by the negotiations the written agreement constitutes the contract between the parties and determines their rights. (*Grantham v. Hannenkratt Lead and Zinc Co.*, 131 Kan. 535, 292 Pac. 757.) A very good discussion of this subject is contained in *Hudson State Bank v. Haile*, 130 Kan. 322, 286 Pac. 228. In that case defendants were sued on promissory notes. They answered admitting the execution of the notes, but alleged that they were given with the understanding that they were to be paid from the profits of a joint enterprise, and if there were no profits the notes were not to be paid. It was further alleged that there were no profits. This court in affirming a judgment sustaining a demurrer to the answer reviewed many of the cases relied on by appellant here. It was there said:

"Holding, as we do under the authorities and precedents, that the defense is directed toward the impeachment of the obligation of the notes in question rather than imposing a condition in connection with the execution or delivery of the notes, and as such does not constitute a defense to the written instrument, it becomes unnecessary to consider the other ground on which the demurrer to the answer was sustained." (p. 325.)

The above language may very well be used in concluding a discussion of the case at bar. It follows that the judgment of the lower court is affirmed.