### FRANKLIN BROOKS & another *vs.* KEITH WHITE.

If a debtor gives, and the creditor receives, in full satisfaction of the debt, the note of a third person for a smaller sum than the amount of the debt, it is a good accord and satisfaction to bar a suit by the creditor to recover the balance of the debt. So if the creditor receives a less sum than is his due, in satisfaction of the whole, before the day of payment.

Parol evidence is admissible to explain a receipt, and show to what demands it is applicable.

Where a receipt, given to one of two partners, was lost, and parol evidence was introduced to prove the terms thereof, it was held that it was for the jury to determine whether the receipt was intended to discharge such partner only, or to discharge the other partner also.

ASSUMPSIT on a promissory note, dated April 4th, 1836, for $ 865·83, payable to the plaintiffs, Brooks & Saunders, in six months, signed by Keith White & Co. The action was commenced against said White, W. Downing and M. W. Wright, formerly partners in business, under the name of Keith White & Co. The writ was not served on Wright, and the plaintiffs discontinued as to Downing ; it being ascertained that he was an infant at the date of said note. The defence was, an accord and satisfaction before the maturity of the note, by the delivery to the plaintiffs, by said Downing, and their acceptance in full satisfaction of this and all demands against Keith White & Co.. of two notes held by said Downing against other persons.

At the trial before *Putnam*, J. the defendant introduced the deposition of said Downing, who deposed that before the note in suit fell due, he agreed with the plaintiffs, to indorse to them two negotiable notes which he held against third persons, and which amounted to a less sum than $ 865·83, and that the plaintiffs agreed to accept them in full of all claims and demands,

that he thereupon did so indorse said notes, and the plaintiffs did so accept them ; and that the reason why the note in suit was not then given up to him was, that it was then lodged in a bank out of Boston, for collection.

The defendant then called a counsellor of this court, as a witness, who testified, that soon after this suit was commenced, said Downing applied to him for advice, and showed him a paper purporting to be signed by Brooks & Saunders, the plaintiffs. He did not know their handwriting. The paper was a receipt by Brooks & Saunders, to William Downing, in consideration of the transfer of certain other notes by Downing to Brooks & Saunders, and the receipt was in full of all other notes, signed by Downing and his partners. There was a misdescription of the note in suit — a small error in the amount — and Downing wished to know if this error avoided the receipt. He also testified that he had looked for the receipt, but was unable to find it.

On cross-examination, he testified that the receipt was to William Downing in full of all demands. He thought White's name was in the receipt, but could not swear to it.

Upon this evidence, the plaintiffs' counsel contended that there was no sufficient consideration to support the receipt, so as to make a discharge and satisfaction of this note ; that as the receipt ran to Downing alone, it was no discharge, in law, of this note, as against White.

The judge instructed the jury that there was a good and sufficient consideration, and left the case to them to find the intent, that is, whether the receipt was intended as a discharge to Downing only, or to all the members of the firm. The jury found a verdict for the defendant.

The plaintiffs moved the court for a new trial, on the ground of misdirections to the jury. New trial to be granted, or judgment to be rendered on the verdict, as the court shall order.

*Crowninshield*, for the plaintiffs.

*B. R Curtis*, for the defendant.

DEWEY, J. The plaintiffs contend that the evidence, offered to sustain the defence of an accord and satisfaction of the

note upon which this action is instituted, cannot avail the defendant, because by his own showing it was only the payment and acceptance of a less sum than the amount due on the note. The general principle, that the acceptance of a less sum in money than is actually due cannot be a satisfaction and will not operate to extinguish the whole debt, although agreed by the creditor to be received upon such condition, seems to be recognized in books of unquestionable authority. The reason of the rule is, as stated by Lord Ellenborough, in *Fitch* v. *Sutton*, 5 East, 232, that there must be some consideration for the relinquishment of the excess due beyond the sum paid ; some thing to show a possibility of benefit to the party thus relinquishing a legal right ; otherwise the agreement is *nudum pactum.* So in *Pinnel's case*, 5 Co. 117, where it was resolved that payment of a less sum, on the day, in satisfaction of the greater, cannot be a satisfaction of the whole, because it appears to the judges that by no possibility a less sum of money can be a satisfaction to the plaintiff for a greater sum : But the gift of a horse or the like, in satisfaction, is good ; for it shall be intended that the horse might be more beneficial to the party than the money, or he would not have accepted it in satisfaction.

The foundation of the rule seems therefore to be, that in the case of the acceptance of a less sum of money in discharge of a debt, inasmuch as there is no new consideration, no benefit accruing to the creditor, and no damage to the debtor, the creditor may violate, with legal impunity, his promise to his debtor, however freely and understandingly made. This rule, which obviously may be urged in violation of good faith, is not to be extended beyond its precise import ; and whenever the technical reason for its application does not exist, the rule itself is not to be applied. Hence judges have been disposed to take out of its application all those cases where there was any new consideration, or any collateral benefit received by the payee, which might raise a technical legal consideration, although it was quite apparent that such consideration was far less than the amount of the sum due. Thus, where any other articles than money are received and agreed to be accepted in full satisfaction of a debt,

the court will not estimate their value in money's worth, but hold the consideration to be good, and the promise to discharge the entire debt a valid contract. This distinction was recognized in the resolutions in *Pinnel's case,* already cited. In *Boyd* v. *Hitchcock,* 20 Johns. 76, the receiving of a note of hand for a less sum than was due, with the name of another person as promisor or indorser, where the creditor agreed to accept the same as a satisfaction of the whole debt, was held a valid discharge, as an accord and satisfaction. In that case, the court say, " here was a beneficial interest acquired, and a valuable consideration received by the plaintiffs, when they agreed to accept less than their whole demand." The same rule was adopted in *Kellogg* v. *Richards,* 14 Wend. 116, where it was held that if a creditor, on a compromise with his debtor, accept the note of a third person for a less sum than the debt due to him, in full payment of such debt, the acceptance of such note may be pleaded as an accord and satisfaction in bar of an action to recover the balance due beyond the amount thus received. Nelson, J. says, " it is true there does not seem to be much if any ground of distinction between such a case and one where a less sum of money is paid and agreed to be accepted in full, which would not be a good plea. But the distinction is as sound as that which exists between the cases of receiving a less sum of money, and an article of property just half the value of the sum due, which would constitute a perfect defence. The rule, that the payment of a less sum of money, though agreed to be received in full satisfaction of a debt exceeding that amount, shall not be so considered in contemplation of law, is technical, and not very well supported by reason. Courts therefore have departed from it on slight distinctions."

But there is another principle, which the facts in the present case authorize us to apply, which is equally fatal to the maintenance of the technical objection relied on by the plaintiffs. The same ancient authority which declares that the payment and acceptance of a less sum, on the day the debt becomes due, in satisfaction of a greater, is no defence beyond the amount paid, also declares that the payment and acceptance of a less

sum, before the day of payment has arrived, in satisfaction of
the whole, would be a good accord and satisfaction ; for it is said,
peradventure parcel of the sum before the day it fell due would
be more beneficial to him than the whole at the day ; and the
value of the satisfaction is not material. *Pinnel's case*, 5 Cc.
117. And the same doctrine is found in Co. Lit. 212 *b*, where
it is said, "if the obligor pay a lesser sum, either before the
day, or at another place than is limited by the condition, and the
obligee receiveth it, this is a good satisfaction." Yelv. (Amer. ed.)
11 *a, note.* The transfer of the notes by Downing was therefore
a sufficient consideration for a promise by the plaintiffs to receive
them in full discharge of the note ; and the only remaining in-
quiry is, whether in its terms the agreement was broad enough
to constitute an accord and satisfaction, and a discharge of all
the parties to the note, or whether it was restricted to Downing
alone. The receipt given by the plaintiffs has been casually
lost ; but evidence was offered to the jury tending to show that
the receipt given to Downing was in its terms amply sufficient
to embrace the note, and without any reservation, on the face
of it, or any right to collect any part of it of the other promisors.
The court left it to the jury to find whether the receipt was in-
tended as a discharge to Downing only, or to all the promi-
sors ; and the plaintiffs now insist that this was erroneous, and
that it was not competent for the jury to pass upon the intent of
the parties as to the effect of this agreement. As it seems to
us, this objection cannot avail the plaintiff. It was not submit-
ting to them the construction of a written instrument. Their
first inquiry was, whether the plaintiffs had given a discharge of
this demand. If that discharge was in full of all demands, as
the evidence offered tended to show, it was competent to inquire
what demands were the subject matter of the adjustment, and
were understood by the parties to be embraced in the receipt ;
whether the individual liabilities of Downing only, or the liabili-
ties of the late firm of White & Co., of which firm Downing
was a member.

The case of receipts is an exception to the general rule that
oral testimony is not admissible to contradict or vary a written

contract.   They may always be explained by oral testimony. *Stackpole* v. *Arnold*, 11 Mass. 27.   *Johnson* v. *Johnson*, 11 Mass. 363.   *Harden* v. *Gordon*, 2 Mason, 541.   *Rollins* v. *Dyer*, 4 Shepley, 475.

*Judgment on the verdict.*