No. 25,727.

M. E. GARRISON, *Appellant*, v R. G. MARSHALL, *Appellee*.

SYLLABUS BY THE COURT.

1. COMPROMISE AND SETTLEMENT—*Insolvent Merchant—Trust Mortgage for Benefit of Creditors—Trust Mortgage Accepted in Full Payment by Creditors—Note Subsequently Given to Cover Deficiencies Without Consideration and Void.* A merchant incurred heavy indebtedness, turned all of his available property over to a representative of his creditors, and signed a document called a trust mortgage, by which it was provided that the property should be used to pay the indebtedness; that the residue should be returned to the defendant; and that the creditors who accepted under the trust mortgage released the defendant and acknowledged full payment of the indebtedness. The property proved to be insufficient to pay all the debts. Afterward the debtor executed a note to the trustee for the remainder of the indebtedness, without any new consideration therefor. *Held*, that there was no consideration for the note

2. SAME—*Action on Note—No Error in Refusing the Note in Evidence.* On the trial of an action on a promissory note, where its execution is admitted, no reversible error is committed by refusing to admit the note in evidence.

3. SAME—*Parol evidence not admissible to Vary Terms of Written Contract.* Parol evidence is not admissible to contradict, alter, vary, add to, or change the terms of a written contract by which creditors upon sufficient consideration agree to release their debtor from further payment of debts due them.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed February 7, 1925. Affirmed.

*Z. Wetmore, Fred Hinkle,* and *George M. Ashford,* all of Wichita, for the appellant.

*Willard Brooks,* of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL J.: The plaintiff sued to recover on a promissory note. The defenses were that there was no consideration for the note and that it was obtained under duress. The cause was tried to a jury; the court directed a verdict for the defendant; verdict and judgment were rendered accordingly; and the plaintiff appeals.

The undisputed facts disclosed by the evidence were that the defendant had been engaged in business in Leon, Kan., where he became largely indebted and that he turned his mercantile business over to the plaintiff as the representative of all the creditors, and signed a writing, denominated a trust mortgage, which provided

that the entire assets of the business should be turned over to the plaintiff as trustee for the creditors. The written instrument contained the following provisions:

"It is further agreed that after satisfying all sums of money and interest hereby secured, and all actual and necessary costs and expenses incurred by party of the second part in the sale and administration of the same, second party shall return the surplus to the party of the first part.

"It is hereby understood and agreed, that each and all of the creditors of the party of the first part who shall accept hereunder do thereby and hereby release and acknowledge as fully paid and satisfied any and all claims and demands filed and proved hereunder."

The evidence further showed that the creditors of the defendant did not realize the amount of their claims out of the assets of the mercantile business; that at the time the trust mortgage was signed, the defendant was interested in some wells that were being drilled for oil; that at that time he orally promised the plaintiff that he would pay all of his debts in full if his oil venture proved successful, or if in the future he should become able so to do; that after the execution of the trust mortgage and about the time of the execution of the note sued on, the defendant was being initiated into one of the Masonic organizations; that while the initiation was in progress and while the picture of the defendant and others was about to be taken, one of the creditors talked to the defendant and informed him that he must make arrangements to pay the balance of his indebtedness or he would be taken out of the class and would not be permitted to complete the intiation; that the defendant was greatly disturbed thereby; that he protested that he was not legally liable; and that after several hours had intervened the defendant signed the note sued on.

1. The plaintiff contends that the moral obligation of the defendant to pay his creditors in full was a sufficient consideration for the note, and cites *Brown v. Akeson,* 74 Kan. 301, 86 Pac. 299, and *Robinson v. Jacobia,* 115 Kan. 36, 221 Pac. 1113. In *Brown v. Akeson* a judgment had become barred by the statute of limitations and was therefore dormant. The judgment debtor made a new promise to pay the judgment and executed a chattel mortgage to secure its payment. The court held that there was sufficient consideration for the new promise. In *Robinson v. Jacobia* the debtor had been discharged by proceedings in bankruptcy. Afterward a new promise was made. There the court said:

"The extinguishment of a debt by an order of discharge made in a bank-

ruptcy proceeding does not extinguish the moral obligation of the debtor to pay it, and such moral obligation constitutes a sufficient consideration for a new promise by the debtor to pay the debt." (Syl. ¶ 1.)

Other authorities are cited to the same effect. Those promises were made where the obligation to pay the debt had become unenforceable by operation of law. In the present case the obligation to pay the creditors had become unenforceable by agreement of the parties. The authorities make a distinction between the two classes of obligations.

In 17 A. L. R. 1335 is found a note which reads:

"While, as has been seen, the cases are nearly unanimous in upholding the validity of a new promise without a new consideration, after a discharge by operation of law in bankruptcy or insolvency proceedings, they, with a few exceptions (which will be subsequently noted), unite in holding that a new promise, after a voluntary discharge by act of the parties, is invalid without a new consideration, even when the debt, or a portion of it, is unpaid."

In 13 C. J. 363 the writer says:

"A moral obligation may be sufficient to sustain a promise where it is one which has once been a valuable consideration, but has ceased to be binding from some supervenient act of the law. And a promise it is said may be supported by a moral obligation, where the obligation grows out of an original legal obligation that has been extinguished without being performed. The principle on which these cases rest is that where the consideration was originally beneficial to the party promising, yet if he is protected from liability by some provision of the statute or common law meant for his advantage he may renounce the benefit of that law; and if he promises to pay the debt, which is only what an honest man ought to do, he is then bound by the law to perform; and the rule as recognized by them applies only to cases where the original right of action is extinguished by the act of the law and not to those extinguished by the act of the parties."

It may be well to notice a principle that obtains in the law of accord and satisfaction.

In 1 C. J. 565, the author says:

"A valid accord and satisfaction takes place where some specific article of personal property or a conveyance of real property, is accepted in satisfaction of the demand."

In *Sigler v. Sigler*, 98 Kan. 524, 527, 158 Pac. 864, this court said:

"The plaintiff relies upon the rule that an agreement to accept part in satisfaction of the whole of a liquidated demand is invalid because without consideration. (*Bridge Company v. Murphy*, 13 Kan. 35; *St. L. Ft. S. & W. Rld. Co. v. Davis*, 35 Kan. 464, 11 Pac. 421.) The reason for the rule is that there is no consideration for the release of the remainder of the debt, as the debtor gives no more than he is bound to give, and the creditor accepts no more

than he is entitled to receive. The rule is said to have had its origin in a *dictum* in the English court of common pleas (Pinnell's Case, 5 Coke's K. B. 117). Although it is universally recognized by courts and text-writers, it has been crticized as technical, artificial, and having no foundation in reasoning. (*Brooks and another v. White,* 43 Mass. 283, 285, 37 Am. Dec. 95; *Bolt v. Dawkins,* 16 S. Car. 198, 214.) In a number of states it has been entirely abrogated or modified by statute. Courts generally refuse to apply the rule where the technical reasons for doing so do not exist (*Brooks and another v. White,* supra; *Harper v. Graham,* 20 Ohio, 105, 115), and have recognized numerous exceptions to it; for instance, the payment of a part before due, or at a place other than that where the obligor was legally bound to pay, or a payment in property, regardless of its value, or by the debtor in composition with his crediors generally by which they agree to accept less than is due them, is held to create a consideration which is sufficient."

Two conditions named in *Sigler v. Sigler,* as sufficient consideration for a valid accord and satisfaction, are found in the present case—specific personal property was given in discharge of the indebtedness, and the creditors agreed to accept that property in payment of the obligations to them.

No consideration for the note was shown. For that reason the court was justified in directing the jury to return a verdict in favor of the defendant.

2. The plaintiff complains of the refusal of the court to admit the note in evidence. Its execution was specifically admitted in the answer. It was not necessary to introduce it in evidence. (*Young v. Gibson,* 80 Kan. 264, 268, 105 Pac. 3.)

3. Involved in this case is the rule that parol evidence shall not be admitted to contradict, alter, vary, add to, or change the terms of a written contract. The plaintiff says:

"The admission of the note in evidence does not violate the parol evidence rule.

"The trial court assumed a false premise in relation to the oral agreement, for by rejecting the introduction of the note the court held that the parol evidence rule is a rule of substantive law and not a rule of evidence.

"The trial court fell into error by thinking that we were trying to prove the appellee's promise to pay $3,300, by parol, he has removed that necessity by reducing the promise to writing."

The terms of the contract concerning the release of the defendant from further liability on his indebtedness has been quoted. The oral evidence introduced to show that the defendant had promised to pay the indebtedness in full if his oil venture should prove successful or if in the future he should become able so to do, tended

to contradict, add to, and change the terms of the trust agreement. That evidence violated the parol evidence rule.

Because of the conclusion reached concerning the consideration for the note, it is not necessary to discuss the matter of duress.

The judgment is affirmed.