No. 36,110

A. W. BOLLER, JR., *Appellant,* v. F. J. BOLLER, *Appellee.*

(150 P. 2d 157)

Opinion filed July 8, 1944.

*Ralph H. Noah,* of Beloit, argued the cause for the appellant.
*R. L. Hamilton,* of Beloit, argued the cause for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action for the balance claimed to be due on a promissory note. The parties are brothers. Plaintiff lives at Glen Elder in Mitchell county, which place was the old family home of the parties. Defendant is a dentist at Sioux City, Iowa, where he has lived since 1919. In plaintiff's petition, filed January 31, 1942, it was alleged that on September 27, 1917, defendant, being

then indebted to plaintiff, executed a promissory note in the sum of $741 payable to plaintiff at the Glen Elder State Bank with interest at six percent per annum, a copy of which note was attached to and made a part of the petition. No due date was named in the note. It was further alleged that upon stated dates in 1926 payments were made on the note which aggregated $125 (a credit of $75 endorsed on the note as of October 27, 1926, is listed as $15) ; that $10 was paid in January, 1927, and that upon stated dates beginning July 1, 1935, and to November 10, 1939, payments aggregating $575.23 were made, leaving an alleged balance due plaintiff of $1,465.47, for which plaintiff prayed judgment. (This computation must have been at compound interest, which the note does not appear to warrant.) Upon the filing of the petition plaintiff filed an affidavit for attachment, and an attachment order was issued and levied upon an undivided one-sixth interest in 327 acres of land in Mitchell county alleged to be owned by defendant, subject to a mortgage. The only service of process was by publication. On April 13, 1942, judgment in rem was rendered by default in which the court found $1,483.05 due plaintiff on the note. The attachment was approved and the attached real property ordered sold for the satisfaction of the sum due plaintiff.

On May 25, 1942, defendant, proceeding under G. S. 1935, 60-2530, filed his verified notice and motion and answer to open the judgment and to be permitted to defend. In the answer defendant admitted the execution of the note, but alleged payment, and specifically alleged that in the spring of 1935, nothing having been paid on the note for more than eight years and there being some disagreement as to the amount due, and the parties both regarding the note as being outlawed and that no liability except a moral obligation existed, it was agreed between the parties to settle the liability on the basis of $1,000, defendant to have credit for $135 previously paid and to pay the remainder, without interest, at such time as might reasonably be convenient to him. The answer further alleged in detail payments which had been made since that date, some of which had not been credited upon the note, and that all the $1,000 had been paid except $65, which sum was tendered into court. There was a contest over the opening of the judgment, but an order was made to that effect.

Plaintiff filed a reply in which he denied that the statute of limitations had run upon the note at any time; alleged that during the

period from 1927 to 1935 defendant had been a nonresident of the state, and specifically denied any payments or credits other than those pleaded in the petition, and expressly denied that in the year 1935, or at any other time, any agreement was made between the parties as to change of payment other than as represented by the note, and further alleged that if there was any evidence to support such a modification or new contract that the same was without legal consideration.

The only witnesses were the parties, both of whom testified. When they finished their testimony there were but two controverted questions between them. Plaintiff testified that the agreement on which he was to accept $1,000 without interest on the indebtedness was made in 1926, while defendant testified it was made in 1935. On this point the jury, answering a special question, found it was made in 1926. We regard the controversy over this date as not being important. The testimony of both was that the $1,000 was to be paid along as defendant could pay it, without interest, and that part of it was to be paid in dental work performed by defendant for plaintiff and members of his family. Such work was done and it is agreed that the reasonable value of the dental work was $220. There was a credit on the note as of the date of December 13, 1937, of $150. Defendant's testimony was that this payment was made by a check which he had given on his account in the Woodbury National Bank, but he did not have the canceled voucher. Plaintiff testified that he received no such check, but that the credit was his estimate of what the dental services then performed were worth. (During the trial it was stipulated the dental services were worth $220.) Answering a special question, the jury found this payment was not made in cash. So, on the two controverted points the jury found for plaintiff. The jury returned a verdict for plaintiff for $219.77, the sum found due after credits had been applied. Following the verdict plaintiff moved for judgment notwithstanding the verdict "for the sum of the note sued upon plus interest as provided therein, less the payments determined by the jury," and also filed a motion for a new trial. Both motions were considered by the court and overruled, and plaintiff has appealed.

Appellant first contends that the court erred in permitting defendant to open up the judgment and defend the action. We find no error in that ruling.

Appellant's principal contention is that the agreement the parties

made was a novation and was invalid for lack of consideration, hence that plaintiff's recovery should have been for the full amount of the note with interest. This point was urged by a demurrer to defendant's evidence, by requested instructions, and in other ways during the trial. We think the point is not well taken. The evidence disclosed that the indebtedness originated in 1912 when defendant was in college and plaintiff loaned him $341. Interest on that sum at some rate, and possibly some additional advancements, were incorporated in the note executed by defendant in 1917. That the circumstances of the parties were such that no definite time should be fixed for payments is evident by the form of the note. Defendant went to Sioux City in 1919 and has continued to live there. He testified that he returned to Glen Elder for a visit for a week or more every year or oftener as long as his mother lived, which was until February, 1938, and always saw and visited with plaintiff. Nothing appears to have been paid on the note for more than eight years after its date. Beginning in April, 1926, some payments were made until January, 1927, then payments ceased until July, 1935, when additional payments were made until November, 1939.

On February 15, 1939, plaintiff wrote defendant a letter, which in part reads:

"Fred you know we offered to settle for $1,000 but if you are going to let it run why I got to come back for interest so if you still want to settle for $490.00 & fix Mary & my teeth why I will still settle with you. . . ."

It is not clear from the record what the $490 referred to. Defendant did do additional dental work at plaintiff's request, and on June 10, 1939, plaintiff credited defendant $100 therefor. Defendant testified that he asked plaintiff to send the note to some bank at Sioux City, where it could be delivered to him when he finished paying the $1,000, but that plaintiff declined to do so, and was indicating that a much larger sum was due. On November 6, 1939, defendant wrote plaintiff, sending $100, and complained about some personal matters about which plaintiff is supposed to have spoken or written, and further saying that the remittance "is all you will ever get from me." This is the first evidence in the record of a lack of harmonious feeling between the parties. Apparently at that time, counting the dental work at what it is agreed to have been worth, defendant had about paid the $1,000. After the suit was brought defendant thought he had paid all of it but about $65, which sum

was tendered. The jury's finding that defendant was still indebted to plaintiff in the sum of $219.77 seems fully as favorable to plaintiff as the evidence warrants, unless, of course, the agreement of the parties to settle on a $1,000 basis should be fully disregarded. We think there is no reason to do so.

In view of the fact that at. the time the settlement was agreed upon the debt was an ancient one, upon which nothing had been paid for many years, legal liability was open to question; it was payable in money at Glen Elder, Kan.; the parties agreed upon a sum approximately three times the amount of the original loan, and that it could be paid, without interest, at defendant's convenience, and in part by services to be performed at Sioux City, Iowa. We think the consideration was sufficient under the doctrine of compromise and settlement (see 15 C. J. S. 725; 11 Am. Jur. 264); or under the doctrine of accord and satisfaction (1 C. J. S. 496; 1 Am. Jur. 236, and authorities there cited). In our own case of *Sigler v. Sigler,* 98 Kan. 524, 158 Pac. 864, it was held:

"Where it is shown that the minds of the parties, whether acting by themselves as principals or through others as agents, have met and agreed upon the proposition that the receipt of the lesser sum shall extinguish all right on the part of the creditor to exact further payment, any possible or probable benefit to the one, or loss or inconvenience to the other, will be held to constitute a consideration for the new agreement." (Syl. ¶ 3.)

This case has been cited and the rule followed in *Garrison v. Marshall,* 117 Kan. 722, 233 Pac. 119; *Peoples Exchange Bank v. Miller,* 139 Kan. 3, 9, 29 P. 2d 1079; and in *Hall v. Swindell,* 147 Kan. 382, 385, 76 P. 2d 769. The cases, *Stanley v. Blair,* 137 Kan. 469, 21 P. 2d 311, and *Parkhurst v. Investors Syndicate,* 138 Kan. 7, 23 P. 2d 589, relied upon by appellant, are not in point.

We find no error in the record. The judgment of the trial court is affirmed.